# 95 DTA 93

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE SAN JUAN

EL PUEBLO DE PUERTO RICO
Recurrido

v.

RAFAEL IRAOLA PADILLA
Peticionario

Núm. KLCE-95-00130

San Juan, Puerto Rico, a 2 de junio de 1995

Panel integrado por su presidente, Juez Rossy García
y los Jueces Aponte Jiménez y Negroni Cintrón

Rossy García, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El recurso instado en el caso de epígrafe interesa la revisión de una resolución emitida el 6 de febrero de 1995 por el Tribunal de Primera Instancia, Sala Superior de San Juan, la que fue notificada el día 23 de dicho mes y año, mediante la cual declaró *"No Ha Lugar"* una moción de desestimación presentada por el aquí peticionario al amparo de la Regla 64(p) de Procedimiento Criminal. Al así dictaminar expresó el tribunal que la referida regla *"no es el procedimiento para atender este asunto,"* ■ refiriéndose al fundamento desestimatorio invocado, a saber, que no se probaron todos los elementos del delito, por lo que la determinación de causa probable hecha en la vista preliminar no se ajusta a la ley ni a derecho.■

Inconforme el peticionario con dicho dictamen, interpuso el recurso que nos ocupa en el que imputa la comisión de los siguientes dos errores: primero, que erró el tribunal de instancia al decretar que la Regla 64(p) de Procedimiento Criminal no era el mecanismo procesal adecuado para atender una solicitud de desestimación de acusación por haberse determinado causa probable de manera contraria a derecho; y segundo, que erró el tribunal al negarse a desestimar la acusación, no obstante haber concluido que no estaba presente uno de los elementos del delito imputado. Considerado como fue el mismo emitimos resolución concediendo al Ministerio Público un término de quince (15) días para mostrar causa por la cual no deberíamos expedir el auto solicitado para revocar la resolución recurrida. En atención a nuestra orden el Procurador General ha comparecido mediante escrito en el que reconoce la comisión de los errores imputados por el peticionario y la procedencia de la expedición del auto según intimado.

Para colocar el recurso que nos ocupa en correcta perspectiva, veamos los hechos e incidentes procesales que resultan pertinentes y materiales.

### I

Contra el peticionario se presentó denuncia por infracción al artículo 175 del Código Penal de Puerto Rico, el cual tipifica el delito de Extorsión■ El 9 de septiembre de 1994 la Hon. Awilda Negrón Ríos determinó causa probable para expedir la correspondiente orden de arresto, luego de lo cual quedó el caso señalado para la celebración de la vista preliminar. El día asignado para dicha vista y estando preparadas las partes para proceder a la misma, el Ministerio Público procedió a aportar prueba testifical que incluyó el testimonio de la alegada víctima de la extorsión, prueba que fue a los efectos de establecer, en síntesis, que al advenir el peticionario en conocimiento de una supuesta relación adulterina entre su esposa y el Lcdo. Hiram Cerezo Suárez, se comunicó con este último para amenazarlo con dar a conocer públicamente la existencia de tal relación, a menos que a cambio de su silencio le pagara la suma de $18,822. 86. Ninguna controversia existió sin embargo, con respecto al hecho de que el perjudicado no entregó cantidad alguna de dinero al peticionario.■ Sometido el caso por el Ministerio Público, la representación legal del peticionario argumentó que dicha prueba era

insuficiente para establecer los elementos del delito imputado toda vez que nunca se efectuó la entrega del dinero, postulando que a lo sumo la misma configuraba el delito en grado de tentativa.

Considerado como fue dicho planteamiento el Tribunal de Distrito, sin formular pronunciamiento alguno en cuanto al aspecto de derecho levantado, determinó causa probable por el delito de extorsión. Autorizo así la radicación de la acusación correspondiente.

El 22 de noviembre de 1994 se llevó a cabo el acto de lectura de acusación. En dicha ocasión el peticionario solicitó un término de diez (10) días para formular alegación, a lo que accedió el tribunal. Con el trasfondo antes expuesto, el 12 de diciembre de 1995 presentó una moción de desestimación al amparo de la Regla 64(p) de Procedimiento Criminal, predicada en que la determinación de causa probable en vista preliminar no se hizo con arreglo a la ley y a derecho, toda vez que la prueba aportada dejó de establecer uno de los elementos constitutivos del delito de extorsión.

Considerada como fue dicha moción luego de una serie de incidentes procesales que resulta innecesario reseñalar, el tribunal expresó en corte abierta en ocasión de la vista señalada para la discusión de dicha moción *"que no se dan los elementos de la extorsión pero se dan los elementos de la tentativa",* ▇ ello contrario a la contención del Ministerio Público quien argumentó en ocasión de la vista que la entrega del dinero no era un elemento constitutivo del delito imputado.▇ No obstante resolvió *"que la Regla 64 (p) no es el procedimiento para atender este asunto"* por lo que declaró sin lugar dicha moción y procedió a señalar el caso para juicio▇ Al así dictaminar incidió.

## II

La Regla 64 de Procedimiento Criminal enumera las causas o fundamentos por los cuales un imputado de delito puede solicitar y el tribunal ordenar la desestimación de la acusación o la denuncia, o cualquier cargo de las mismas. Entre tales fundamentos se encuentra el inciso (p) de la Regla 64, el que en lo pertinente dispone como sigue:

*"La moción para desestimar la acusación o la denuncia, o cualquier cargo de las mismas sólo podrá basarse en uno o más de los siguientes fundamentos:*

............

*(p) Que se ha presentado contra el acusado una acusación o denuncia, o algún cargo de las mismas, sin que se hubiere determinado causa probable por un magistrado u ordenado su detención para responder del delito, con arreglo a la ley y a derecho".*

Como bien se ha resuelto, presentada una moción para desestimar basada en la Regla 64 (p), *"el tribunal de instancia puede, en el ejercicio de su discreción, señalar una vista para entender y recibir prueba, o puede rechazarla de plano si de su faz y de las circunstancias en el expediente del caso, no resulta meritoria en cuanto al extremo de ausencia total de prueba". Pueblo v. González Pagán,* 120 D.P.R. 684, 687 (1988); *Pueblo v. Trib. Superior,* 104 D.P.R. (1975). Constituye pues la moción para desestimar al amparo de dicha Regla instrumento útil, que se renuncia si no se presenta *"al hacerse alegación de no culpable o antes de alegar"* según dispuesto por la Regla 63▇ que permite que pueda revisarse una determinación de existencia de causa probable en circunstancias como la del caso de autos donde se alega en la moción ausencia total de prueba en cuanto a uno de los elementos del delito. Tal fundamento desestimatorio responde a su vez a la propia naturaleza y finalidad de la vista preliminar que *"está encaminada a proteger a la persona imputada a través de un filtro o cedazo judicial por el cual el Estado tiene que pasar prueba, y demostrar si está justificado o no a intervenir con la libertad de un ciudadano y someterlo a los rigores y*

*contingencias de un juicio plenario,"* Pueblo v. González Pagán, supra, pág. 688.

Aclarada la adecuacidad de la Regla 64(p) como instrumento para impugnar una determinación de existencia de causa probable, veamos ahora en que circunstancias ésta es procedente.

### III

Debemos iniciar por señalar que para que una determinación de causa probable se ajuste a derecho, el juicio del magistrado debe basarse en alguna prueba que demuestre que existe causa probable para creer que el acusado cometió el delito. *Vázquez Rosado v. Tribunal,* 100 D.P.R. 592, 594 (1972). En esta etapa procesal, no se trata de una prueba demostrativa de responsabilidad más allá de toda duda razonable, sino de un mínimo de evidencia, una *"cintilla"* en la cual apoyar una determinación *prima facie* de que se cometió un delito y que con toda probabilidad el imputado lo cometió. Olga E. Resumil de Sanfilippo, *Práctica Jurídica de Puerto Rico: Derecho Procesal Penal,* Tomo 2, Butterworth Legal Publishers (1993), pág 197. En ausencia total de esa prueba, una determinación positiva de causa probable para acusar es contraria a derecho y procede, por consiguiente, una moción de desestimación al amparo del inciso (p) de la Regla 64 de Procedimiento Criminal. *Pueblo v. González Pagán, supra;* Ernesto L. Chiesa Aponte, *Derecho Procesal Penal de Puerto Rico y Estados Unidos,* Vol. III, Ed. Forum (1993), sec. 22.7, pág. 95.

Dirigiendo nuestra atención ahora al ámbito procesal para la resolución de una moción al amparo de la Regla 64(p) de Procedimiento Criminal, en *Pueblo v. Rivera Alicea,* 125 D.P.R. ___ (1989), **89 J.T.S. 108**, a la pág. 7282, el Tribunal Supremo estableció los siguientes parámetros procesales para la resolución de la misma:

*"1. El Tribunal debe examinar la prueba de cargo y de defensa vertidas en la vista de causa probable así como la prueba del acusado en apoyo de la moción.*

*2. **A la luz de los elementos del delito imputado el juzgador debe determinar si la prueba establece la probabilidad de que están presentes todos los elementos,** a saber, la probabilidad de que se haya cometido tal delito imputado, así como la existencia de prueba que conecte al imputado con su comisión.*

*3. El hecho de que a juicio del magistrado la prueba sometida demuestre, con igual probabilidad, la comisión de un delito distinto al imputado, no debe dar base a la desestimación.*

*4. **Sólo en ausencia total de prueba sobre la probabilidad de que estén presentes y probados uno, varios o todos los elementos del delito imputado o la conexión del imputado con tal delito, procede decretar la desestimación de la acusación presentada por el solicitante."*** (Subrayado nuestro). Véase además, sobre el particular, Olga E. Resumil de Sanfilippo, *supra,* págs. 202-203.

### IV

Procede que examinemos ahora la situación particular del caso que nos ocupa, donde el peticionario presentó la moción que da base al dictamen recurrido en tiempo oportuno y ninguna controversia existe en cuanto a que la supuesta víctima del delito nunca entregó el dinero alegadamente solicitado por el acusado a cambio de que no revelara la información denigrante que podía perjudicar su vida personal y profesional En particular y en consideración al fundamento desestimatorio invocado, se hace necesario aquí determinar **si la entrega del dinero por parte de la víctima** es un elemento constitutivo del delito de extorsión.

El Artículo 175 del Código Penal de Puerto Rico, 33 L.P.R.A. sec. 4281, al tipificar el

delito de extorsión, dispone que incurre en dicha conducta antijurídica *"[t]oda persona que mediante violencia o intimidación, o pretextando derecho para ello como funcionario público, obligue a otra a realizar, tolerar u omitir algo, bajo circunstancias que no constituyen robo [...]"*. (Subrayado nuestro)█

De una lectura del artículo 175 se desprende que el delito de extorsión contempla varias modalidades. En primer lugar lo puede cometer una persona particular o un funcionario público. Puede, además, conllevar el uso o empleo de violencia o intimidación en la consecución del fin deseado, o puede realizarse por el sujeto activo representando real o simuladamente tener derecho para ello como funcionario público. El objetivo a su vez de la extorsión puede ser la obtención de un bien mueble, tanto como lograr que se lleve a cabo algún acto en particular o que se omita realizar un acto que debería llevarse a cabo.

En lo que respecta a los elementos del delito de extorsión, se desprende de dicho artículo que son éstos, a saber: (1) obligar a otra persona; (2) a realizar, tolerar u omitir algo; (3) mediante violencia, intimidación o pretextando derecho para ello como funcionario público; (4) bajo circunstancias que no constituyan robo.█

En el caso que nos ocupa el acto que venía obligada a realizar la víctima, intimidada y conturbada por la amenaza de que fue objeto, consistía en entregar determinada suma de dinero. Dicho acto, repetimos, nunca se consumó. ¿Puede entonces consumarse el delito **si no se realiza** el acto que precisamente se pretende evitar a través de la ley penal? Es decir, ¿puede considerarse completa la conducta prohibida por el Artículo 175 sin que produzca el desplazamiento patrimonial en contra de la voluntad de la víctima? Entendemos que tal interpretación es insostenible a la luz del texto de Artículo 175 del Código Penal, cuyo lenguaje exige que para que se configure el delito de extorsión, es indispensable, que la víctima realice, esto es, que ejecute o lleve a término determinado acto a raíz de la intimidación infundida por las amenazas del extorsionista█ En el presente caso, dicho acto consistía en la entrega de $18,822.86. Las partes admiten, por lo que en cuanto a este extremo ninguna controversia existe, que dicho acto no se realizó, por lo que no ocurrió el desplazamiento patrimonial o el perjuicio económico requerido. Ello confirma la ausencia total de prueba sobre uno de los elementos constitutivos del delito de extorsión y obliga a concluir que el tribunal de instancia incidió al negarse a considerar y declarar con lugar la moción de desestimación al amparo de la Regla 64 (p) de Procedimiento Criminal presentada por el peticionario, por ser la determinación de causa probable impugnada contraria a la ley y a derecho.

No obstante, la prueba desfilada en vista preliminar estableció, como así lo acepta el peticionario, los elementos del delito de tentativa de extorsión. Esta demostró que el peticionario realizó gestiones inequívocamente dirigidas a la ejecución del delito de extorsión, el que no se consumó por circunstancias ajenas a su voluntad.█ Artículo 26 del Código Penal, 33 L P R.A. sec. 3121. Así también lo reconoce el Procurador General en su comparecencia ante nos. Resulta procedente en consecuencia autorizar la presentación de nueva acusación por el delito imputado en grado de tentativa, sin necesidad de celebrar una nueva vista preliminar.█

En cuanto a este último extremo basta con reiterar que el propósito evidente de la vista preliminar es evitar que se someta a un ciudadano en forma arbitraria e injustificada a los rigores de un proceso criminal. *Pueblo v. López Camacho,* 98 D.P.R. 700, 702 (1970); *Pueblo v. Rodríguez Aponte,* 116 D.P.R. 653, (1985). Le correspondía así al Ministerio Público la obligación de presentar evidencia suficiente en una vista preliminar para establecer la existencia de causa probable para radicar una acusación formal y someter al peticionario a un proceso criminal. Es decir, que existe causa probable para creer que se ha cometido un delito y que la persona ante el juez instructor lo cometió. En el caso que nos ocupa el Ministerio

Público descargó tal obligación al aportar prueba suficiente para establecer existencia de causa probable para radicar la acusación ahora ordenada, lo que acepta el propio peticionario. Siendo ello así se hace innecesaria la celebración de una nueva vista preliminar, resultando suficiente la determinación previa que autorizó la radicación de la acusación original, como base para autorizar ahora la radicación de nueva acusación por el delito menor incluido, tentativa de extorsión.

## V

Por los fundamentos antes expresados, se expide el auto solicitado para dictar sentencia revocatoria de la resolución recurrida y devolver el caso al tribunal de instancia para ulteriores procedimientos compatibles con lo aquí resuelto.

Lo acuerda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

### ESCOLIOS 95 DTA 93

**1.** Véase Minuta correspondiente a la vista efectuada el 6 de febrero de 1995, Apéndice a la Solicitud de Certiorari, págs. 14 y 15.

**2.** Véase Moción de Desestimación, Apéndice de la Solicitud de *Certiorari*, págs. 4 a 7.

**3.** La denuncia reza como sigue:

*"El referido acusado, Rafael Iraola Padilla, alla (sic) en o para el período comprendido entre el 9 y 31 de agosto de 1994, en Santurce, Hato Rey y Río Piedras que forman parte de la jurisdicción del Tribunal Superior de Puerto Rico, Sala de San Juan, ilegal, voluntaria, maliciosa, criminalmente y por medio de la intimidación, obligo al Lcdo. Hiram Cerezo Suárez a conseguir dinero solicitado por el acusado, para que se lo entregara a cambio de no denunciar públicamente al perjudicado a los efectos de atribuirle un hecho denigrante y así destruir su vida personal y profesional. Todo ésto en circunstancias tales que no constituyen Robo."*

**4.** Así lo declaró el perjudicado en ocasión de la vista preliminar, extremo que fue luego estipulado por las partes en ocasión de las vistas señaladas para la discusión de la moción presentada por el aquí peticionario al amparo de la Regla 64(P) de Procedimiento Criminal y que dio base al dictamen recurrido. Véase Minutas correspondientes a las vistas efectuadas el 16 de diciembre de 1994 y 6 de febrero de 1995, y el escrito en cumplimiento de orden sometido por el Procurador General el 19 de mayo de 1995, a la pág. 5.

**5.** Véase Minuta correspondiente a la vista efectuada el 6 de febrero de 1995, Apéndice de la Solicitud de *Certiorari*, pág 14.

**6.** *Id.,* a la pág. 15.

**7.** *Id.*

**8.** La Regla 63 de Procedimiento Criminal dispone como sigue:

*"Excepto las defensas de falta de jurisdicción del tribunal y la de que no se imputa delito, las cuales podrán presentarse en cualquier momento, cualquier defensa u objeción susceptible de ser determinada sin entrar en el caso en su fondo se deberá promover mediante moción presentada al hacerse alegación de no culpable o antes de alegar, pero el tribunal podrá permitir por causa justificada la presentación de dicha moción dentro de un período posterior razonable. La moción incluirá todas las defensas y objeciones de tal índole de que pueda disponer el acusado. La omisión de presentar cualquiera de dichas defensas u objeciones constituirá una*

*renuncia de la misma, pero el tribunal podrá eximir al acusado, por causa justificada, de los efectos de tal renuncia.*

*Una moción para desestimar basada en lo provisto en la Regla 64(n)(3) ó (4) deberá presentarse antes de ser llamado el caso para juicio."* 34 L.P.R.A. Ap. II, R. 63.

**9.** A su vez, el artículo 176, 33 L.P.R.A. sec. 4282, enumera las formas en que el autor del delito puede intimidar al sujeto pasivo de la extorsión:

*"La intimidación como medio de extorsión podría ser ocasionada, entre otras, por amenazas en cualesquiera de las siguientes forma:*

*(a) De causar algún daño ilegalmente a la persona o bienes del individuo amenazado o a la persona o bienes de algún miembro de su familia.*

*(b) De denunciar a dicho individuo o a algún miembro de su familia de haber cometido algún delito.*

*(c) De exponer algún defecto físico de él o de algún miembro de su familia o de atribuir a él o a ellos algún hecho denigrante.*

*(d) De revelar algún secreto que afecte o perjudique a dicha persona o a algún miembro de su familia."*

**10.** Podemos observar que el propio texto del Artículo 175 del Código Penal, sin embargo, establece la salvedad de que el delito de extorsión se configura en circunstancias que no constituyen robo. Y es que en efecto, el delito de extorsión, cuando el objetivo del acto se contrae a la obtención de un bien mueble, se asemeja en gran medida al delito de robo, según tipificado en el Artículo 173 del Código Penal, 33 L.P.R.A. sec. 4279. A esos efectos, la profesora Dora Neváres Muñiz, citando del también profesor José Miro Cardona, señala que la diferencia entre el robo y la extorsión puede establecerse atendiendo dos circunstancias principales. Nos dice, por un lado, que en el robo la violencia se ejerce para lograr de inmediato el apoderamiento de la cosa, objeto del delito. En la extorsión, en cambio, la violencia no tiene carácter de simultaneidad con la obtención de la cosa. De otra parte, se indica que en la extorsión la cosa se logra, no por sustracción, sino por entrega que de ésta realiza el sujeto pasivo en virtud de la violencia ejercida o de la amenaza (anuncio de un mal futuro) que se le ha formulado, ya fuere ésta verbal o escrita. El delito de extorsión implica, en su esencia, un perjuicio económico en el sujeto pasivo y un beneficio indebido en el sujeto activo. Según concluye la autora, en el robo, la intimidación o violencia que se ejerce produce de manera inmediata y coetánea el desplazamiento patrimonial de un bien mueble. Sin embargo, en la extorsión, la intimidación o violencia no es inmediata al desplazamiento patrimonial del bien mueble, si éste fuera el objeto de la extorsión. Véase, Neváres Muñiz, D., *Código Penal de Puerto Rico*, Revisado y Comentado, Instituto para el Desarrollo del Derecho, 1993, págs. 284-285.

**11.** Apropiado resulta aquí señalar que al interpretar disposiciones del Código Penal nos obliga el principio de legalidad, conforme al cual los estatutos penales deben interpretarse restrictivamente, *Pueblo v. De León Martínez,* **93 J.T.S. 22,** a la pág. 10402; *Pueblo v. Rodríguez Jiménez,* 91 J.T.S 25, a la pág. 8471; *Pacheco v. Vargas,* 120 D.P.R. 404, 409 (1988); *Pueblo v. Ríos Nogueras,* 114 D.P.R. 256, 260(1983), sin menoscabar, claro está, la intención del legislador, de ser ésta conocida o evidente. *Pueblo v. Hernández Colón;* 118 D.P.R. 891, 903 (1987); *Pueblo v. Montilla,* 71 D.P.R. 36, 43-44 (1950). Dicho principio se deriva del Artículo 8 del Código Penal, 33 L.P.R.A. sec. 3031, que dispone que *"no se instará acción penal contra persona alguna por un hecho que no esté expresamente definido en la ley como delito, ni se impondrán penas o medidas de seguridad que la ley no hubiere previamente establecido, [ni] se podrán crear por analogia delitos, penas, ni medidas de seguridad."* Este principio de hermenéutica obliga al juzgador a limitar su función interpretativa al significado bien establecido de las palabras, a su significado sancionado por el uso común, Art. 16 Código Penal, 33 L.P.R.A. sec. 3029, en lugar de basarse en un significado deducido del propósito general o *"intención legislativa". Meléndez v. Tribunal Superior,* 90 D.P.R. 656, 1659 (1964).

12. Véase Solicitud de *Certiorari*, págs. 3-5.

13. *"If the property is not actually obtained, then there must be a prosecution for attempted extortion"*. La Fave & Scott, *Criminal Law,* 2nd. Ed., West Publishing Co., St. Paul (1986), nota 5, pág. 790.