ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>MIGUEL A. NIEVES DE JESÚS<br><br>Peticionario | KLCE202401225 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Guayama<br><br>Caso Núm.: G LA2016G0121 al 0123<br><br>Sobre: Art. 6.01 Ley de Armas |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez

Campos Pérez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de febrero de 2025.

Comparece el Sr. Miguel A. Nieves De Jesús (Sr. Nieves De Jesús o peticionario) y nos solicita que revoque una *Resolución* emitida el 8 de octubre de 2024 por el Tribunal de Primera Instancia, Sala de Guayama (TPI).[1] Por virtud de ésta, el TPI declaró No Ha Lugar la *Moción al Amparo de la Regla 192.1 de Procedimiento Criminal* presentada por el peticionario, sosteniendo las tres sentencias dictadas contra el peticionario el 26 de abril de 2018.

Examinado el recurso, resolvemos expedir el auto de *certiorari* y revocar parte del dictamen recurrido; y así, modificar el resto de éste. Veamos.

**I.**

Por hechos acaecidos el 8 de abril de 2016, el Ministerio Público presentó diez acusaciones contra el Sr. Nieves De Jesús por violación a la derogada Ley de Armas de Puerto Rico, Ley Núm. 404 de 11 de septiembre de 2000, según enmendada (Ley Núm. 404-2000 o Ley de Armas). Entre ellas, tres acusaciones por infracción

---

[1] Notificada el 10 de octubre de 2024.

al Artículo 6.01 de la Ley de Armas. Las acusaciones versan de la siguiente manera:

**Primera acusación por posesión de municiones**
El referido acusado. MIGUEL A. NIEVES DE JESÚS, allá en o para el día 8 de abril de 2016, y en Patillas, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala de Guayama, ilegal, voluntaria, y criminalmente, **POSEYÓ UNA (1) MUNICIÓN CALIBRE 9MM** sin ser persona autorizada en ley para ello.

Hecho contrario a la Ley.

**Segunda acusación por posesión de municiones**
El referido acusado. MIGUEL A. NIEVES DE JESÚS, allá en o para el día 8 de abril de 2016, y en Patillas, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala de Guayama, ilegal, voluntaria, y criminalmente, **POSEYÓ UNA (1) MUNICIÓN CALIBRE 233**, sin ser persona autorizada en ley para ello.

Hecho contrario a la Ley.

**Tercera acusación por posesión de municiones**
El referido acusado. MIGUEL A. NIEVES DE JESÚS, allá en o para el día 8 de abril de 2016, y en Patillas, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala de Guayama, ilegal, voluntaria, y criminalmente, **POSEYÓ 130 MUNICIONES CALIBRE 7.62X39**, sin ser persona autorizada en ley para ello.

Hecho contrario a la Ley.

Luego de la celebración de un juicio por tribunal de derecho, el TPI encontró culpable al Sr. Nieves De Jesús por todos los delitos imputados en las sentencias con alfanumérico **G LA2026G0121**, **G LA2026G0122** y **G LA2026G0123**. Así las cosas, el foro de instancia le impuso al peticionario una pena de tres años por cargo, a cumplirse de forma consecutiva para un total de nueve años de cárcel.[2]

El 15 de abril de 2024, el Sr. Nieves De Jesús presentó una *Moción al Amparo de la Regla 192.1 de Procedimiento Criminal* por entender que las sentencias dictadas eran contrarias a derecho.[3] En

---

[2] Apéndice del Peticionario, en el Anejo III, págs. 7-9.
[3] Apéndice del Peticionario, en el Anejo IV, págs. 10-16.

síntesis, el peticionario arguyó que la radicación —por separado— sobre infracción al Artículo 6.01 resulta en una multiplicidad de cargos por la comisión de un solo delito: poseer municiones. El Sr. Nieves De Jesús alegó que la Ley de Armas no contempla la división de dicho acto en varios cargos por cada tipo de munición y que esto constituía una violación a la protección constitucional contra castigos múltiples. Por tanto, le solicitó al TPI la corrección de la sentencia.

El 8 de octubre de 2018, el TPI emitió una *Resolución* en la cual denegó la moción del peticionario.[4] En esencia, el foro primario razonó que aun cuando el Artículo 6.01 no contempla la descripción de cada tipo de munición, sí dispone que toda infracción a este artículo constituirá delito grave. El TPI indicó que lo anterior, en combinación con la política pública de nuestra jurisdicción de cero tolerancias contra el crimen, permite que un individuo pueda ser acusado por varios delitos *siempre y cuando proceda.*

El TPI añadió que, *de manera análoga*, la *Ley de Sustancias Controladas de Puerto Rico*, Ley Núm. 4 de 23 de junio de 1971, permite la radicación de acusaciones por cada sustancia controladas que se ocupe. Así, el foro de instancia concluyó que no hubo multiplicidad de cargos, sino que hubo varias infracciones al Artículo 6.01 bajo un mismo acto.

En desacuerdo, el Sr. Nieves De Jesús acudió ante nos mediante recurso de *certiorari* y alegó la comisión de los siguientes errores:

> **ERRÓ EL TIRUBNAL DE PRIMERA INSTANCIA AL DETERMINAR QUE LA LEY DE ARMAS PERMITE DIVIDIR EN MÚLTIPLES CARGOS LA POSESIÓN DE MUNICIONES, DEPENDIENDO DEL CALIBRE DE CADA MUNICIÓN.**
>
> **ERRÓ EL TRIBUNAL DE PIMERA INSTANCIA AL INTERPRETAR POR ANALOGÍA QUE LA LEY DE ARMAS PERMITE QUE SE RADIQUEN MÚLTIPLES**

---

[4] Apéndice del Peticionario, Anejo V, págs. 17-22.

**CARGOS DE POSESIÓN DE MUNICIONES DIFERENCIANDO ENTRE CALIBRES, COMO LA LEY DE SUSTANCIAS CONTROLADAS PERMITE QUE SE RADIQUEN MÚLTIPLES CARGOS POR POSEER DIFERENTES SUSTANCIAS. LA LEY DE SUSTANCIAS CONTROLADAS ESTABLECE DIFERENTES CATEGORÍAS DEPENDIENDO DE LA SUSTANCIA. LA LEY DE ARMAS NO ESTABLECE NINGUNA DISTINCIÓN DE CATEGORÍAS DE MUNICIONES POR CALIBRE.**

El Ministerio Público compareció mediante *Escrito en Cumplimiento de Orden* y, en resumidas cuentas, se allanó a la petición del Sr. Nieves De Jesús a los efectos de que sólo se le podía sentenciar por un único cargo bajo el Artículo 6.01. Por ende, el Ministerio Público sostiene que la pena de nueve años de cárcel impuesta por el TPI excede la pena estatutaria de tres años de cárcel.

Contando con la comparecencia de todas las partes, procedemos a resolver.

**II.**

### El auto de certiorari

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones judiciales de un foro inferior y corregir algún error cometido por éste. *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al., v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334 (2005). A diferencia de la apelación, el foro revisor tiene la facultad para expedir o denegar el recurso de *certiorari* de manera discrecional. *García v. Padró, supra.* El Tribunal Supremo de Puerto Rico ha definido *discreción* como el "poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *Id.*, que cita a *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990). Por ende, la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera..." *Pueblo v. Sánchez González*, 90 DPR 197, 200 (1964), citado con aprobación en *García v. Padró, supra*, págs. 334-335.

No obstante, el ejercicio de la discreción no equivale a hacer abstracción del resto del Derecho, ya que ese proceder constituiría, en sí mismo, un abuso de discreción. *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001). Por lo tanto, el examen al auto discrecional que realizamos antes de decidir el curso a seguir no se da en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG, supra*, pág. 176. Ello así, porque "el adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la razonabilidad". *García v. Padró, supra*, pág. 335

Al ejercer sabia y prudentemente nuestra facultad discrecional al determinar si expedimos o denegamos un recurso de *certiorari* de índole criminal, nos guiamos por la Regla 40 del Reglamento del Tribunal de Apelaciones, *Criterios para la expedición del auto de certiorari*, 4 LPRA Ap. XXII-B, R. 40. Así reza:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, **son contrarios a derecho**.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) **Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración**.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) **Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia**. (Énfasis nuestro).

Claro está, es norma asentada que este tribunal intermedio no interviene con las determinaciones emitidas por el foro primario

ni sustituye su criterio discrecional, "*salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que incurrió en error manifiesto*". (Cursivas en el original). *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018), que cita con aprobación a *Ramos Milano v. Wal-Mart*, 168 DPR 112, 121 (2006); *Rivera y otros v. Banco Popular*, 152 DPR 140, 155 (2000); *Meléndez Vega v. Caribbean Int'l. News*, 151 DPR 649, 664 (2000); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 771 (2013).

### Reglas de Procedimiento Criminal

La Regla 192.1 de las Reglas de Procedimiento Criminal, 34 LPRA Ap. II, R. 192.1, permite que cualquier persona detenida impugne una sentencia condenatoria en su contra aunque ésta haya advenido final y firme ya sea porque: (1) la sentencia fue impuesta en violación de la Constitución o las leyes del Estado Libre Asociado de Puerto Rico o la Constitución y las leyes de Estados Unidos; (2) el tribunal no tenía jurisdicción para imponer dicha sentencia; (3) **la sentencia impuesta excede de la pena prescrita por la ley**; o (4) la sentencia está sujeta a ataque colateral por cualquier motivo. El peticionario podrá presentar una moción a la sala del tribunal que impuso la sentencia para que anule, deje sin efecto o **corrija la sentencia**.

Bajo este procedimiento, la culpabilidad o inocencia del convicto no es un asunto que se pueda plantear. *Pueblo v. Román Mártir*, 169 DPR 809, 824 (2007). En esencia, la cuestión que ha de plantearse bajo el procedimiento de la Regla 192.1, *supra*, es si la sentencia impugnada está viciada por un error fundamental que contradiga la noción más básica y elemental de lo que constituye un procedimiento criminal justo. *Pueblo v. Rivera Montalvo*, 205 DPR

352, 371 (2020); que cita a *Pueblo v. Pérez Adorno*, 178 DPR 946, 965-966 2014); *Pueblo v. Román Mártir, Íd.*

La moción para dichos fines podrá ser presentada en cualquier momento. En la moción deberán incluirse todos los fundamentos que tenga el peticionario para solicitar el remedio provisto en esta regla. Se considerará que los fundamentos no incluidos han sido renunciados, salvo que el tribunal, con vista de una moción subsiguiente, determine que no pudieron razonablemente presentarse en la moción original.

### Ley de Armas de 2000

Ley Núm. 404-2000, *supra*, se aprobó "con el propósito principal de lograr una solución efectiva al problema del control de armas de fuego en manos de delincuentes en Puerto Rico". *Pueblo v. Concepción Guerra*, 194 DPR 291, 310 (2015); Exposición de Motivos de la Ley Núm. 404-200. La Ley de Armas establecía como delito la fabricación distribución, posesión y uso de municiones. En particular, el Artículo 6.01, 25 LPRA ant. sec. 459a, disponía que:

> [s]e necesitará una licencia de armas, de tiro al blanco, de caza o de armero, según sea el caso, para fabricar, solicitar que se fabrique, importar, ofrecer, comprar, vender o tener para la venta, guardar, almacenar, entregar, prestar, traspasar o en cualquier otra forma disponer de, poseer, usar o transportar **municiones**, conforme a los requisitos exigidos por esta Ley. Asimismo, se necesitará un permiso expedido por la Policía para comprar pólvora. Toda infracción a este artículo constituirá delito grave, y será sancionada con pena de reclusión por un término fijo de seis (6) años. De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de doce (12) años; de mediar circunstancias atenuantes, podrá ser reducida hasta un mínimo de tres (3) años. (Énfasis nuestro).

### Principio de Legalidad

Nuestro máximo foro ha puntualizado que todas las leyes, aun las más claras, requieren algún grado de interpretación. *Pueblo v. Sierra Rodríguez*, 137 DPR 903, 906 (1995). No obstante, es preciso recordar que en nuestra jurisdicción se reconoce como principio

cardinal de hermenéutica que al lenguaje de una ley debe dársele la interpretación que valida el propósito que tuvo el legislador al aprobarla, conscientes siempre de sus consecuencias. *Pueblo v. Dávila*, 143 DPR 687, 696 (1997); *Pacheco v. Vargas, Alcaide*, 120 DPR 404, 409 (1988). Por lo anterior, los tribunales "*tenemos el deber de hacer que el derecho sirva propósitos útiles y evitar una interpretación tan literal que lleve a resultados absurdos*". (Énfasis en el original) *Id.*

En materia de derecho penal, el principio de legalidad exige que los estatutos se interpreten restrictivamente. *Pueblo v. Ruiz*, 159 DPR 194, 210 (2003). El principio de legalidad estatuido en nuestro ordenamiento penal ofrece las siguientes garantías:

> No se instará acción penal contra persona alguna por un hecho que no esté expresamente definido como delito en este Código o mediante ley especial, ni se impondrá pena o medida de seguridad que la ley no establezca con anterioridad a los hechos.
>
> **No se podrán crear ni imponer por analogía delitos, penas ni medidas de seguridad**. (Énfasis nuestro). Art. 2 del Cód. Penal, 33 LPRA sec. 5002.

Así, pues, al analizar la aplicación de unos delitos a unos hechos, los tribunales no pueden rebasar los contornos razonables de interpretación. *Pueblo v. Carrillo*, 2017 DPR 1056, 1066 (2021); que cita a S. Mir Puig, *Derecho Penal: parte general*, 10ma ed., Barcelona, Ed. Reppertor, 2016, pág. 125. De manera que, al interpretar un estatuto penal, deben ser cuidadosos a imponer una pena no contemplada por la ley por su analogía con una prevista en la ley. *Id.*; que cita a *Pueblo v. Figueroa Pomales*, 172 DPR 403, 415 (2007); D. Nevares-Muñiz, *Derecho Penal Puertorriqueño: Parte General*, Hato Rey, Inst. Desarrollo del Derecho, 1983, pág. 63.

El propósito de esta restricción es evitar que el juez supla la voluntad del legislador cuando no la hay. *Pueblo v. Carrillo, supra.* El razonamiento subyacente es que, "*si hubiese existido intención de*

*parte del legislador, éste la hubiera expresado claramente en la ley".* *Íd.*; *Pueblo v. Ruiz, supra*, pág. 211;

**III.**

El Sr. Nieves De Jesús acude ante nos y solicita la revocación de dos sentencias por infracción al Artículo 6.01 de la Ley Núm. 404-2000. Alega el peticionario que el foro de instancia le impuso una pena por analogía y, como resultado de ello, contraria a derecho. El Ministerio Público, por su parte, se allanó a la petición del Sr, Nieves De Jesús. Luego de examinar los planteamientos de las partes a la luz del derecho correspondiente, nos vemos obligación a corregir la pena impuesta por el foro primario.

Nuestra asamblea legislativa y foro supremo prohibieron con meridiana claridad la imposición de penas o delitos por analogía. Primeramente, porque es una violación al debido proceso de ley consagrado en nuestra Constitución. Art. II, Sec. 7, Const. PR, LPRA, Tomo 1. Segundo, evita que los tribunales alteremos la intensión legislativa. En la controversia que nos atañe, el TPI aplicó de manera análoga las disposiciones de la Ley de Sustancias Controladas de Puerto Rico, *supra*. Específicamente, el foro de instancia concluyó que, como la precitada ley permite la radicación de acusaciones por cada sustancia controlada que se ocupe, la Ley Núm. 404-2000 también lo permite por cada munición que se posee, use o transporte ilegalmente.

El Artículo 1.02(p) de la Ley de Armas definía municiones como "*cualquier bala, cartucho, proyectil, perdigón o cualquier carga que se ponga o pueda ponerse en un arma de fuego para ser disparada*". 25 LPRA ant. sec. 455. Como ya mencionamos, el Artículo 6.01 disponía que "*se necesitará una licencia de armas para fabricar, solicitar que se fabrique, importar, ofrecer, comprar, vender o tener para la venta, guardar, almacenar, entregar, prestar,*

*traspasar o en cualquier otra forma disponer de, poseer, usar o transportar* **municiones**". 25 LPRA ant. sec. 459a.

Por su parte, la Ley de Sustancias Controladas de Puerto Rico dispone en su Artículo 404 que "*[s]erá ilegal el que cualquier persona, a sabiendas o intencionalmente, posea* **alguna** *sustancia controlada [...]*". 24 LPRA sec. 2404. Nuestro Tribunal Supremo ha expresado que la frase "*alguna sustancia controlada*" suponía la comisión de varios delitos y no uno solo. Véase *Pueblo v. Rivera Cintrón*, 185 DPR 484 (2012). De manera que, el poseer distintas clases de sustancias controladas, se requiere la presentación de una acusación por cada una de las sustancias.

En el caso de epígrafe, el TPI determinó que la Ley Núm. 404-2000 permitía la radicación de tres acusaciones contra el Sr. Nieves De Jesús. El foro primario determinó que, al igual que la Ley de Sustancias Controladas de Puerto Rico permitía la presentación de una acusación por cada una de las sustancias, la Ley de Armas autorizaba la presentación de una acusación por cada tipo de munición que se incaute. El problema con este razonamiento es que la Ley Núm. 404-2000 claramente establecía la ilegalidad de poseer **municiones** sin una licencia para ello. La palabra "*municiones*", en plural, supone es un delito poseer distintos tipos de municiones, según definida por ley. Ello no obstante, el foro de instancia recurrió al uso de la analogía para sentenciar al recurrente. Al así hacerlo, el TPI cometió un craso error en derecho que constituye una violación al principio de legalidad que rige en nuestra jurisdicción.

Por ello, resulta necesario expedir el auto de *certiorari* para revocar las sentencias **G LA2026G0122** y **G LA2026G0123**. De este modo, modificamos la sentencia **G LA2026G0121** para que incluya las ciento treinta y dos (132) municiones calibre: 9mm, 223 y 7.62 x 39 que le fueron ocupadas al peticionario; y así modificada, cumpla una pena total de tres (3) años de cárcel.

**IV.**

Por los fundamentos expuestos, se expide el auto de *certiorari* y se revocan las sentencias **G LA2026G0122** y **G LA2026G0123**; así, se modifica la sentencia **G LA2026G0121** para que incluya las ciento treinta y dos (132) municiones calibre: 9mm, 223 y 7.62 x 39 que le fueron ocupadas al peticionario y cumpla una pena total de tres (3) años de cárcel.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones