MARÍA PACHECO RODRÍGUEZ, apelante, *v.* JOSÉ A. VARGAS, ALCAIDE CÁRCEL DE MUJERES DE VEGA ALTA, apelado.

*Número:* CE-86-808          *Resuelto:* 8 de febrero de 1988

*Harry N. Padilla Martínez*, abogado de la apelante; *Rafael Ortiz Carrión, Procurador General, Marjorie Rivera Rodríguez, Procuradora General Auxiliar*, abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR HERNÁNDEZ DENTON emitió la opinión del Tribunal.

La Sra. María Pacheco Rodríguez recurre ante este foro para cuestionar la decisión del Tribunal Superior que declaró sin lugar una petición de hábeas corpus. El recurso nos permite resolver si puede ser convicta una persona por el delito de encubrimiento al ocultar a un menor responsable de infracción penal. Confirmamos el dictamen del Tribunal Superior.

I

El 19 de noviembre de 1986, el policía Alberto Rodríguez Álvarez denunció a la apelante María Pacheco Rodríguez por

el delito de encubrimiento.[1] Le imputó haber ocultado a un menor de edad para eludir la acción de la justicia cuando conocía que éste había cometido "delitos graves de asesinato, robo y otros". Alegato de la peticionaria, pág. 2. Un juez municipal examinó el testimonio de los policías Luis Ramírez Torres y Alberto Rodríguez Álvarez, y determinó causa probable para arrestar a la peticionaria. Le impuso una fianza de $25,000. La compareciente no pudo satisfacerla y fue ingresada en la Cárcel de Mujeres de Vega Alta.

No conforme con la determinación, presentó en el Tribunal Superior, Sala de Mayagüez, una petición de hábeas corpus en la que alegó que la denuncia que se había presentado en su contra no imputaba delito. Argumentaba que el encubrimiento requiere la comisión de un delito previo. Razonó que, dado que a ella se le imputaba ocultar a un menor, no podía ser denunciada de encubrimiento, porque por disposición de ley los menores no cometen delitos, sino faltas.

Luego de celebrar la vista correspondiente, el Tribunal Superior declaró sin lugar la petición. Concluyó que la intención legislativa del Art. 236 del Código Penal, 33 L.P.R.A. sec. 4432, era castigar y hacer punible que una persona encubra a otra por la comisión de actos delictivos, sin importar la edad del ofensor.

Inconforme con esta determinación, la peticionaria recurre ante este Tribunal. Alega que erró el tribunal de instancia al resolver que una persona puede ser acusada por el delito de encubrimiento en las circunstancias descritas y, por

---

[1] Nuestro Código Penal le dedica dos artículos al delito de encubrimiento. En el Art. 36 (33 L.P.R.A. sec. 3173) señala a quiénes se consideran encubridores, y en el Art. 236 (33 L.P.R.A. sec. 4432) señala la pena aplicable al delito. El Art. 36 establece: "Se consideran encubridores los que para eludir la acción de la justicia con conocimiento de la comisión de un delito, sin haber tenido participación en el mismo como autores, ocultaren al responsable del delito o procuraren la desaparición, alteración u ocultación de evidencia." Art. 36 del Código Penal, 33 L.P.R.A. sec. 3173.

lo tanto, al no remitir el caso al Tribunal Municipal para la revisión de la fianza.

## II

Al interpretar las palabras del Código Penal y resolver la controversia ante este Foro reiteramos como principio cardinal de hermenéutica que al lenguaje de una ley debe dársele la interpretación que valida el propósito que tuvo el legislador al aprobarla. *Rivera Maldonado* v. *Autoridad sobre Hogares*, 87 D.P.R. 453, 456 (1963). Por esto, al cumplir con nuestra función los jueces no podemos considerar las leyes aisladamente, como pronunciamientos de principios en abstracto o como medidas formuladas para satisfacer los problemas efímeros del momento. Tenemos el deber de hacer que el derecho sirva propósitos útiles y evitar una interpretación tan literal que lleve a resultados absurdos. *Passalacqua* v. *Mun. de San Juan*, 116 D.P.R. 618, 632 (1985); *Ortiz Morales* v. *A.C.A.A.*, 116 D.P.R. 387, 391 (1985); *P.R. Tel. Co.* v. *Martínez*, 114 D.P.R. 328 (1983).

En buena metodología adjudicativa se debe analizar la ley "tomando en consideración los fines que persigue y en forma tal que se ajuste a su fin esencial y a la política pública que la inspira. . . . En el proceso de encontrar el significado de la ley, el intérprete no puede actuar en desconocimiento de la consecuencia que conlleva la interpretación y debe darle aquélla que logre los propósitos del legislador". (Citas omitidas.) E. Bernier y J.A. Cuevas Segarra, *Aprobación e interpretación de las leyes en Puerto Rico*, 2da ed. rev., San Juan, Ed. J.T.S., 1987, pág. 269.

En materia de derecho penal, la claridad y precisión de un estatuto es condición de su validez. Además, conforme con el principio de legalidad, los estatutos penales deben interpretarse restrictivamente. Art. 8 del Código Penal, 33

L.P.R.A. sec. 3031. *Pueblo* v. *Ríos Nogueras*, 114 D.P.R. 256 (1983); *Pueblo* v. *Uriel Álvarez*, 112 D.P.R. 312 (1982).

Sin embargo, ya hemos reconocido igualmente que la norma de que los estatutos penales deben ser interpretados estrictamente "no exige que a las palabras de un estatuto deba dárseles su significado más limitado o que deba hacerse caso omiso de la evidente intención del legislador". *Pueblo* v. *Mantilla*, 71 D.P.R. 36, 44 (1950); *Pueblo* v. *Hernández Colón*, 118 D.P.R. 891 (1987).

Los estatutos penales deben interpretarse a la luz de la realidad social de donde surgen y operan. Nuestro deber es interpretar las leyes en el contorno de una situación social y económica actual para resolver controversias humanas de profundas implicaciones personales para los afectados y para la comunidad en general. *Pueblo ex rel. J.L.D.R.*, 114 D.P.R. 497, 502 (1983); *Pueblo* v. *Batista Montañez*, 113 D.P.R. 307, 313 (1982); *Badillo González* v. *F.S.E.*, 112 D.P.R. 665, 668 (1983); *Cirino* v. *A.F.F.*, 91 D.P.R. 608, 616 (1964). Nunca debemos olvidar que "el sentido de hoy no es siempre el sentido de mañana". B.J. Cardozo, *La naturaleza de la función judicial*, Buenos Aires, Ed. Arayú, 1955, pág. 64. La interpretación judicial tiene por su naturaleza una evolución natural para las distintas épocas. Cardozo, *op. cit.*, págs. 62–65.

Como señala Jiménez de Asúa: "El juez no puede ser ajeno a las transformaciones sociales, científicas y jurídicas. La ley vive y se desarrolla en ambientes que cambian y evolucionan, y si no queremos estarla reformando de un modo frecuente, preciso es que la adapte[mos], como su propia voluntad permite, a las nuevas necesidades de la época." L. Jiménez de Asúa, *La ley y el delito*, 5ta ed., Buenos Aires, Ed. Sudamericana, 1967, pág. 119. Así resolvimos en *Pueblo* v. *Batista Montañez*, supra, pág. 313, al decir: "Todo texto

debe interpretarse a la luz de las realidades específicas de la sociedad en que opera."

Aclarados estos principios, procede la resolución de la controversia de este caso.

## III

Debemos analizar si el Art. 236 del Código Penal, *supra*, aplica cuando el autor de la infracción principal es un menor a quien se le busca por cometer una violación penal clasificada como "falta" por la Ley de Menores. El análisis de este asunto requiere que estudiemos la definición de "delito" en el Código Penal y su alcance en la Ley de Menores.

■ Nuestro Código Penal define delito como "un acto cometido u omitido en violación de alguna ley que lo prohíbe u ordena, aparejando, al ser probado, alguna pena o medida de seguridad". Art. 9 del Código Penal, 33 L.P.R.A. sec. 3041. El concepto tiene dos elementos básicos: una conducta y una sanción. ¿Puede concluirse que el concepto de falta reúne estos elementos y por ello está incluido en la definición de delito del Código Penal?

■ Hemos reiterado repetidas veces la necesidad de mantener una separación entre los procedimientos de menores y los relativos a adultos. *Pueblo ex rel. L.V.C.*, 110 D.P.R. 114, 124 (1980); *R.A.M.* v. *Tribunal Superior*, 102 D.P.R. 270, 273 (1974). Sin embargo, en los primeros, como rama jurídica afín con el derecho penal, las faltas sí participan de los elementos de conducta y sanción a que hemos hecho referencia.

■ Tanto la vieja ley de menores como la nueva ley[2] reglamentan los procedimientos en casos en que los

_____

(2) El 9 de julio de 1986 se aprobó una nueva ley de menores —Ley Núm. 88 (34 L.P.R.A. sec. 2201 y ss.)— para sustituir la Ley Núm. 97 de 23 de junio de 1955 que regía hasta ese momento.

menores incurren en *conducta constitutiva de delito* según definida por las leyes penales. En *Pueblo ex rel. L.V.C.*, supra, pág. 122, señalamos que las disposiciones penales son aplicables a los procedimientos de menores "para tipificar ciertos casos de conducta antisocial que, si un adulto incurre en ella, sería constitutiva de delito". Es la combinación de esta conducta que la ley considera delito y la edad del ofensor lo que crea el concepto de "delincuencia juvenil". A. Sanfilippo, *Apuntes críticos sobre la propuesta ley de menores ante la séptima Conferencia Judicial*, 50 Rev. Jur. U.P.R. 87, 91 (1981).

Las reglas de procedimiento para menores bajo la vieja ley definían falta como "la imputación que se haga en una querella a un menor por la infracción o tentativa de infracción de *cualquier ley* estatal . . .". (Énfasis suplido.) 34 L.P.R.A. Ap. I, R. 1(g). Es evidente que esta disposición incluye las violaciones a las leyes penales. Actualmente, la nueva ley define falta como "infracción o tentativa de infracción por un menor de las leyes penales" y se clasifican de acuerdo con su equivalente en los delitos tipificados por el Código Penal. Art. 3(i) de la Ley Núm. 88 de 9 de julio de 1986 (1986 Leyes de Puerto Rico 288).

Aunque tanto la vieja como la nueva ley de menores señalan que sus procedimientos no son de naturaleza criminal, vemos que lo que se trata de reglamentar es en realidad conducta delictiva que de ser cometida por un adulto se consideraría un delito. "Se trata de un procedimiento especial donde los delitos se denominan faltas, el juicio se denomina vista adjudicativa y la sentencia medida dispositiva." D. Nevares-Muñiz, *Derecho de Menores*, Hato Rey, Instituto para el Desarrollo del Derecho Inc., 1987, pág. 11.

Es mediante la imposición de estas "medidas dispositivas" que las faltas cumplen con el segundo elemento

del concepto de delito: las "sanciones que se imponen al menor por haber violado la ley penal". Nevares-Muñiz, *op. cit.*, pág. 89. Pueden incluir desde una orientación hasta custodia bajo un oficial probatorio y reclusión en una institución. Además, como reconocimos en *R.A.M.* v. *Tribunal Superior*, supra, pág. 273, "[e]l menor está sujeto, al igual que el adulto, al estigma resultante de una determinación de que ha violado un estatuto criminal y asimismo está expuesto a la posibilidad de reclusión en una institución disciplinaria, que envuelve necesariamente la privación de su libertad". (Escolio omitido.)

## IV

El Art. 236 del Código Penal, *supra*, tipifica el delito de encubrimiento como delito contra la función judicial. Aplica a "[t]oda persona que con conocimiento de la ejecución de un delito ocultare al responsable del mismo o procurare la desaparición, alteración u ocultación de prueba para eludir la acción de la justicia . . .".

Como vemos, el encubrimiento es un delito contra la administración de la justicia. Su objetivo es obstaculizar la persecución del presunto sujeto activo del delito y la comprobación del hecho sancionable. J. Miró Cardona, *Borrador y notas explicativas al proyecto del Código Penal*, San Juan, Oficina de Justicia Criminal, 1972, T. 2, pág. 371; E. Gavier, *El presupuesto fundamental del delito de encubrimiento*, 3 Rev. Der. Penal 333, 337 (1947).

El objeto de la sanción es el peligro creado a la sociedad por el comportamiento de una persona que está dispuesta a ayudar a otro a eludir la acción de la justicia. *Model Penal Code* Sec. 242.2 (Proposed Official Draft 1962) y *Tentative Draft* no. 8, 1958, Comentarios, págs. 129–130. Por ello, la responsabilidad penal por los actos del encubridor no

depende de la clasificación legal del ofensor principal. *Model Penal Code*, supra. El encubridor puede estar dispuesto a encubrir los actos de otros sin saber realmente cuáles serían las consecuencias legales de esos actos. Lo que se busca evitar y castigar es el hecho de que el encubridor manifieste su deseo de actuar contra la función judicial mediante el encubrimiento del responsable de una violación penal o la desaparición o alteración de la prueba. *Model Penal Code*, supra, pág. 226; E. Cuello Calón, *Derecho Penal*, 18va ed., Barcelona, Ed. Bosch, 1981, Vol. 2, pág. 681.

Está generalmente aceptado por los comentaristas y la jurisprudencia que la inimputabilidad del autor principal no elimina la responsabilidad del encubridor. Ernesto Gavier ha señalado que "[n]o interesa, a este respecto, que el hecho en definitiva no resulta ilícito por mediar una causa de justificación, o que no sea punible en concreto por concurrir un motivo cualquiera de exclusión de la pena". Gavier, *op. cit.*, pág. 336. Lo importante es que haya ocurrido "un hecho que reúna exteriormente los caracteres de un delito". Íd., pág. 339. Con eso se cumple el requisito de ley. El hecho de que el autor principal sea inimputable no elimina el delito de encubrimiento; no es ese el sentido que se le ha querido atribuir. Íd., pág. 338. Véanse, además, C. Fontán Balestra, *Tratado de derecho penal*, 2da ed., Buenos Aires, Ed. Abeledo Perrot, T. VII, pág. 450; A. Quintana Ripollés, *Curso de derecho penal*, Madrid, Ed. Rev. Der. Privado, 1963, T. 1, pág. 254.

En algunas jurisdicciones donde el proceso de menores es separado e independiente del proceso penal, y donde no se considera que los menores cometen delitos, se ha resuelto que sí es delito el cometido por un adulto que encubre a un menor. Por ejemplo, en *Shockley v. State*, 724 P.2d 256, 258 (1986), se determinó que "el hecho de que nues-

tro código juvenil clasifique a determinado principal como un delincuente y no como un criminal no permite que el encubridor pueda evadir *la ilegalidad de su propio acto*". (Traducción nuestra y énfasis suplido.) Similarmente, en *State* v. *Truesdell*, 620 P.2d 427, 429 (1980), se determinó que, dado el hecho de que el delito de encubrimiento es separado e independiente del delito encubierto, "el hecho de que el principal, el niño Truesdell, no fue acusado de agresión no tiene relación con que la señora Truesdell haya cometido el delito de encubrimiento. El hecho de que el principal sea un menor se refiere a su *status* legal, y no afecta la realidad de los actos cometidos. Por ello, es inmaterial para determinar la culpabilidad o inocencia del acusado del encubrimiento". (Traducción nuestra.)

Finalmente, en *Shortridge* v. *Municipal Court*, 198 Cal. Reptr. 749, 754 (1984), se señaló que "la inmunidad que tiene un menor de ser acusado y convicto de un delito grave no se extiende a un adulto que lo esconde o ayuda luego del delito". (Traducción nuestra.) No importa que los procedimientos de menores no se consideren procesos penales. Por lo tanto, se concluyó que el hecho de que el autor principal no puede ser enjuiciado criminalmente no protege al acusado de encubrirlo.

En conclusión, el delito de encubrimiento busca evitar que las personas ayuden a otras a evadir la justicia. Busca castigar a quienes tratan de entorpecer la acción investigativa de la justicia sobre actos que aparecen "con las formas exteriores de un delito". Gavier, *op. cit.*, pág. 338. Miró Cardona, *op. cit.*, pág. 369.

No se cumpliría el propósito del estatuto si no se considerara la acción como antijurídica cuando el hecho previo lo comete un inimputable por su condición de menor. Puede ser que el encubridor no conozca la edad del actor

principal y aun así tenga la intención específica de cometer el delito de encubrimiento. La responsabilidad penal, en casos como el presente, no puede depender del conocimiento que el acusado tenga de la edad o de la responsabilidad del actor principal.

## V

Después de examinar el trasfondo doctrinal, encontramos que en este caso se le imputa a la señora Pacheco haber ocultado a un menor a quien se le buscaba por la comisión de varias faltas, incluso asesinato, robo y otras violaciones penales. Alegadamente, al ocultar al menor la señora Pacheco impidió que los agentes del Estado pudieran localizarlo para encauzar el proceso penal contra él.

En vista de que la responsabilidad penal de la acusada no depende del autor del delito encubierto y que surge directamente de su conducta en violación al Art. 236 del Código Penal, *supra*, procede la confirmación de la sentencia del tribunal de instancia. En estas circunstancias es innecesario discutir su segundo señalamiento de error.

*Se confirmará la determinación del tribunal de instancia.*

El Juez Asociado Señor Rebollo López no intervino.