Martínez Torres, Juez Ponente
*897 TEXTO COMPLETO DE LA RESOLUCION
Comparece ante nos, el Procurador General mediante recurso de certiorari. Solicita que revoquemos una resolución dictada y notificada el 4 de abril de 2001 por el Tribunal de Primera Instancia, Sala Superior de Fajardo, para Asuntos de Menores (Hon. Nereida Feliciano Ramos, Juez). La resolución tuvo el efecto de declarar sin lugar la moción de reconsideración presentada por el Procurador General en el Caso Núm. NJ2001-18, por lo que continuó en efecto la desestimación de los cargos por las faltas imputadas a la menor D.M.R., bajo el fundamento de violación al derecho a juicio rápido. Por los fundamentos que expondremos a continuación, se expide el auto de certiorari y se revoca la resolución recurrida.
El 22 de septiembre de 2000, se radicaron denuncias en el Tribunal de Primera Instancia, Subsección de Distrito de Fajardo, contra la menor D.M.R. por los delitos de asesinato en primer grado, en su modalidad de asesinato estatutario, robo domiciliario, conspiración y violación al Artículo 18 de la Ley de Armas. Se imputó en las denuncias que la joven D.M.R., en concierto y común acuerdo con el adulto Efraín Osorio Iglesias, dio muerte con una cuchilla plegadiza y un martillo a Awilda Vicente Ruiz, mientras perpetraban el delito de robo domiciliario. Al momento de la alegada comisión de los hechos, la menor contaba con quince (15) años de edad.
En la misma fecha en que se radicaron las denuncias, 28 de septiembre de 2000, el tribunal determinó causa probable para el arresto de la menor y se le impuso una fianza ascendente a $225,000.00. Al no prestar la fianza, la menor fue encarcelada.
En la vista preliminar celebrada el 18 de diciembre de 2000, se desestimaron los cargos al amparo de la Regla 64 (b) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 64. En esa misma fecha se ordenó la excarcelación de la menor D.M.R. y se refirió el caso a la Sala de Menores.
En el mes de enero de 2001, el Ministerio Público radicó denuncias contra la menor D.M.R. ante el Tribunal de Primera Instancia, Sala Superior, Subsección de Distrito de Fajardo. Las denuncias radicadas en esta segunda ocasión fueron por los delitos de asesinato en primer grado en su modalidad de deliberación y premeditación, conspiración, robo domiciliario, violación al "Artículol8 de la Ley de Armas" y dos infracciones al Artículo 4 de la Ley de Armas. 
El 10 de enero de 2001, se determinó causa probable por cada uno de los delitos imputados y se ordenó el arresto de la menor. Se fijó una fianza ascendente a $3,500,000.00. El 11 de enero de 2001, se expidió el auto de prisión provisional contra la menor y se señaló la celebración de la vista preliminar para el 22 de enero de 2001. La vista fue pospuesta, por lo que se realizó el 8 de febrero de 2001.
En la vista preliminar celebrada el 8 de febrero de 2001, la defensa de la joven solicitó que el caso se refiriera a la Sala de Menores como un asesinato estatutario (' felony murder"), conforme a la resolución emitida el 18 de diciembre de 2000, en la cual se desestimaron las primeras denuncias radicadas contra la menor porque *898 alegadamente el tribunal carecía de jurisdicción. La Fiscalía se allanó a la petición de la defensa. A tales efectos, se refirió el caso a la Sala de Menores de Carolina. Se ordenó además que la menor continuara recluida en la institución penal de Ponce. Se citó el caso para el 13 de febrero de 2001 en la Sala de Menores de Carolina.
En la vista del 13 de febrero de 2001, se ordenó el traslado del caso para la Sala de Menores de Fajardo, municipio donde alegadamente se cometieron los hechos delictivos. Se ordenó el egreso de la menor y se señaló vista para el 16 de febrero de 2001.
El 16 de febrero de 2001, se radicaron ante la Sala de Menores seis quejas por las faltas alegadamente cometidas por la menor D.M.R. Estas imputaban a la menor la comisión de los delitos de asesinato en primer grado en su modalidad de asesinato estatutario (''felony murder"), robo domiciliario, conspiración, una infracción al Artículo 18 de la Ley Núm. 8 de 5 de agosto de 1987, 9 L.P.R.A. see. 3217, y dos infracciones al Artículo 4 de la Ley de Armas. El 21 de febrero de 2001, se determinó no causa probable en cada uno de los cargos por las faltas imputadas y se desestimaron bajo el fundamento de que se le violaron a la menor los términos de juicio rápido.
La desestimación de los cargos se fundamentó por la Sala de Menores de la siguiente manera:

"En el caso ante nos, hubo una serie de trámites procesales que incidieron para que la menor estuviera detenida en una ocasión por más de quince (15) días. Sin embargo, desde que la Juez instructora, en la segunda ocasión que se someten los casos al Tribunal, determinó que el caso debía verse en el Tribunal de Menores hasta la celebración de la Vista de Determinación de Causa, transcurrieron más de tres días que disponen las Reglas 2.10-2.13 de Menores. Dicho día se determinó que la menor continuaría en el Módulo de Detención de Niños en Ponce.

La conducta dilatoria del Estado al presentar las denuncias por segunda ocasión en el tribunal ordinario, ignorando la orden de la juez que ordenó el traslado del caso al Tribunal de Menores, tuvo el efecto de prolongar injustificadamente los procedimientos contra la peticionaria por 147 días (desde el 28 de septiembre de 2000 al 13 de febrero de 2001 en que se señaló la vista de causa probable en el Tribunal de Menores). Así también dichas dilaciones lesionaron sin justa causa el derecho de la peticionaria ajuicio rápido, el debido procedimiento de ley y trato justo de la menor sin justa causa para ello, máxime cuando se enmienda tan sólo la denuncia por el Artículo 22 del Código Penal para imputar deliberación y premeditación, y las demás denuncias permanecen inalteradas estableciendo claramente que la supuesta conducta delictiva era asesinato estatutario.
“En mérito de los hechos señalados y el derecho aplicable, se desestiman los cargos imputados en las faltas, toda vez que la menor estuvo detenida en exceso del término concedido por ley sin que se hubiera celebrado la Vista de Determinación de Causa." [Resolución en el Caso Número NJ2001-18, 21 de febrero de 2001, a la pág. 2; Ap. Cert., a la pág. 50; énfasis suplido.]
La Procuradora de Menores presentó moción de reconsideración de la determinación del Tribunal de Menores. Mediante resolución de 4 de abril de 2001, dicho foro declaró no ha lugar la reconsideración solicitada. De esa determinación es que recurre ante nos el Procurador General mediante petición de certiorari. Alega que la Sala de Menores erró al computar los días transcurridos durante el procedimiento criminal seguido como adulto para determinar violación al derecho ajuicio rápido en el procedimiento criminal seguido como menor. Contando con la comparecencia de todas las partes y luego de analizados sus planteamientos conforme a derecho, resolvemos.
II
El derecho de todo acusado a disfrutar de un juicio rápido está contenido en el Artículo II, Sección 11 de la Constitución de Puerto Rico, el cual dispone en su parte pertinente: "En todos los procesos criminales, el acusado disfrutará del derecho a un juicio rápido y público...".
*899 Esta garantía constitucional es esencial para proteger tres valores inherentes a nuestro sistema de justicia criminal: (1) evitar la indebida y opresiva encarcelación antes del juicio; (2) minimizar la ansiedad y preocupación que genera una acusación, y (3) limitar las posibilidades de que una dilación extensa menoscabe la capacidad del acusado para defenderse. United States v. Hooey, 393 U.S. 374 (1969); Véanse también, Pueblo v. Rivera Tirado, 117 D.P.R. 419; (1986); Pueblo v. Tribunal Superior, 81 D.P.R. 455 (1959).
El derecho constitucional a juicio rápido se activa desde que la persona está "sujeta a responder", es decir, desde el arresto o detención, o la denuncia o la acusación, lo primero que ocurra. La protección constitucional no se extiende únicamente a juicio rápido, sino también a la protección contra la dilación injustificada en procesos anteriores y posteriores al juicio, así como contra dilación injustificada del juicio mismo. Conviene examinar cada protección o aspecto del derecho a juicio rápido por separado, comenzando con los procedimientos anteriores al juicio. Ernesto L. Chiesa, Derecho Procesal Penal de Puerto Rico y Estados Unidos, Bogotá, Editorial Fomm, Ira. ed., Tomo II, 1992, a la pág. 131.
El Tribunal Supremo de Puerto Rico, en el caso de Pueblo v. Rivera Tirado, supra, citando el caso de Barker v. Wingo, 407 U.S. 514, 531-533 (1972), incorporó los siguientes cuatro criterios relevantes para evaluar las reclamaciones de violaciones al derecho a juicio rápido, a saber: (1) duración de la tardanza; (2) razones para la dilación; (3) si el acusado invocó oportunamente el derecho a juicio rápido, y (4) el perjuicio resultante de la tardanza. También en Pueblo v. Tirado, id., a la página 433, al analizar los casos de Barker v. Wingo, supra, y de United States v. MacDonald, 435 U.S. 850 (1978), se apuntó lo siguiente:
"La pesquisa de si se infringió o no ese derecho [el de juicio rápido], no debe descansar exclusivamente en una regla inflexible adherida a medidas de calendario que impida la ponderación de todos los intereses en juego. El enfoque es más bien de tipo pragmático, responde a la naturaleza inherente de la dinámica del derecho a juicio rápido. Es relativo, no absoluto. Juicio rápido no es un concepto incompatible con cierta tardanza, pero la demora no debe ser intencional, ni opresiva". [Citas omitidas].
Posteriormente, en Pueblo v. Rivera Arroyo, 120 D.P.R. 114, 119 (1987), el Tribunal Supremo expresó:
"Aun cuando en reiteradas ocasiones hemos reconocido que-el derecho constitucional a un juicio rápido es de carácter fundamental, Pueblo v. Reyes Herrans, 105 D.P.R. 658 (1977); Pueblo v. Opio Opio, supra; Pueblo v. Arcelay Galán, 102 D.P.R. 409 (1974); Jiménez Román v. Tribunal Superior, 98 D.P.R. 874 (1970), hemos igualmente afirmado que no es absoluto. Pueblo v. Rivera Navarro, 113 D.P.R. 642, 644 (1982). Más bien es un derecho que requiere tomar en cuenta las circunstancias que rodean cada reclamo del mismo. Pueblo v. Reyes Herrons, supra. Es por virtud de ello y del carácter relativo que le es inherente, Pueblo v. Rivera Tirado, 117 D.P.R. 419 (1989), que hemos aceptado como constitucionalmente válido el condicionamiento que impone la Regla 64 (n) de Procedimiento Criminal vigente, 34 L.P.R.A. Ap. II, al reclamo que al amparo de ella hagan los imputados o los acusados de delito, esto es:

1. Justa causa para la demora.

2. La demora se debe a la solicitud del acusado o a su consentimiento."

Más recientemente, en Pueblo v. Santa-Cruz Bacardi, Opinión de 22 de septiembre de 1999, 99 J.T.S. 149, a la pág. 101, el Tribunal Supremo expresó:
"Así mismo, hemos establecido que una vez el acusado reclama oportunamente una violación a los términos fijados por la Regla 64(n), el peso de demostrar la causa justificada para la demora recae sobre el Ministerio Público. Pueblo v. Carrión Roque, 99 D.P.R. 362, 363 (1970); Pueblo v. Herrera, 67 D.P.R. 25 (1957). El Ministerio Público también puede demostrar que el acusado ha sido el causante de la demora o que ha renunciado a su derecho de forma expresa, voluntaria y efectuada con pleno conocimiento de causa. Pueblo v. Arcelay, supra, pág. 416.
*900 Relativo a lo que puede considerarse justa causa hemos establecido en especifico que 'queda excluida como justa causa aquella demora intencional y opresiva'. Pueblo v. Rivera Colón, 119 D.P.R. 315, 325 (1987); Hernández Pacheco v. Flores Rodríguez, 105 D.P.R. 173, 172 (1976). Sin embargo, siempre hemos enfatizado que la determinación de qué constituye justa causa es una que debe hacerse caso a caso y ala luz de la totalidad de las circunstancias." Pueblo v. Arcelay, supra, pág. 417. Véase además, Pueblo v. Rodríguez Santana, supra.
III
Los procedimientos judiciales relacionados con menores se rigen por las disposiciones de la Ley Núm. 88 de 9 de julio de 1986, según enmendada, conocida como la Ley de Menores, 34 L.P.R.A. see. 2201 et. seq. Se rigen además por las Reglas de Procedimiento para Asuntos de Menores, Ley Núm. 33 de 19 de junio de 1987, según enmendada, id. Ap. I-A.
El marco de aplicación de la Ley de Menores se extiende a todo asunto relacionado con un menor delincuente o transgresor por razón de llevar a cabo conducta constitutiva de delito, según definida en el Código Penal y en leyes especiales que tipifican delitos. Aunque los procedimientos contra menores no son de naturaleza criminal, "reglamentan conducta que de ser cometida por un adulto se consideraría delito" Dora Nevares-Muñiz, Derecho de Menores, Hato Rey, Instituto para el Desarrollo del Derecho Inc., 3ra ed. revisada, 1997, pág. 10; Pacheco v. Vargas, 120 D.P.R. 404, 412 (1988).
El procedimiento que establece la Ley de Menores es uno especial en donde los delitos se denominan faltas, el juicio se denomina vista adjudicativa y a la sentencia se le conoce como medida dispositiva. Pacheco v. Vargas, id. Se considera como un procedimiento sui generis que debe satisfacer los propósitos de la Ley de Menores. R.A.M. v. Tribunal Superior, 102 D.P.R. 270, 273 (1974). Con esta ley, el procesamiento de los menores que incurren en conducta delictiva adquiere "matices de naturaleza punitiva que van más allá del propósito meramente rehabilitador y paternalista de la antigua ley." Pueblo en Interés de los Menores A.L.R.G. y F.R.G., 132 D.P.R. 990, 997 (1993). No obstante, a fin de rehabilitar a los menores, el legislador ha dispuesto que los procedimientos que les atañen se mantengan separados de los procedimientos de adultos. Pacheco v. Vargas, supra, a la pág. 411.
Por otro lado, el Tribunal Supremo también ha resuelto que "...la clara intención que tuvo el legislador cuando se aprobaron las Reglas de Procedimiento para Asuntos de Menores fue extender a éstos los derechos y salvaguardas procesales fundamentales que se les han reconocido a los adultos o que los adultos disfrutan por mandato constitucional". Pueblo en interés del menor G.R.S., Opinión de 6 de julio de 1999, 99 J.T.S. 122, a la pág. 1432. Por tal razón, el Tribunal Supremo sostuvo que "...de una lectura de la totalidad de las Reglas de Procedimiento para Asuntos de Menores, se desprende que dichas reglas siguen fundamentalmente las disposiciones de las Reglas de Procedimiento Criminal que regulan, en esta jurisdicción, los procedimientos criminales contra los adultos". Id.
Se ha establecido, además, que el derecho a juicio rápido, por tratarse de una garantía fundamental de los acusados para asegurar un trato justo, se extiende a los menores a quienes se les impute la comisión de alguna falta. Pueblo en interés del menor E.L.C., 124 D.P.R. 819, 821-822 (1989); Pueblo en interés menor R.G.G., 123 D.P.R. 443, 461-462 (1989). E.g., Pueblo en interés del menor N.O.R., 136 D.P.R. 948 (1993); Pueblo en interés del menor J.A.S., 134 D.P.R. 991 (1993).
En Pueblo de Puerto Rico en interés del menor E.L.C., supra, a la pág. 222, se dijo además que al incorporarse la doctrina de juicio rápido al procedimiento bajo la Ley de Menores de Puerto Rico, Ley Núm. 88 de 28 julio de 1986, según enmendada; 34 L.P.R.A. see. 2201 et. seq., se adoptó también toda la interpretación que se ha hecho sobre ese derecho, incluso sus excepciones sobre justa causa para las suspensiones.
IV
De acuerdo a la profesora Olga E. Resumil, el concepto de jurisdicción abarca tres aspectos fundamentales relacionados con la autoridad del tribunal sobre la materia o asunto de la controversia, la persona del imputado o *901 el acusado y el poder judicial para conocer en o dictar sentencia en un caso concreto. Olga E. Resumil. Práctica Jurídica de Puerto Rico- Derecho Procesal Penal, Hato Rey, Equity de Puerto Rico, Inc., Tomo 2,1993, a la pág. 161. En cuanto a la jurisdicción sobre la persona del acusado, la misma está delimitada por los principios de aplicación de la ley sustantiva. El derecho sustantivo impone límites personales a la aplicabilidad de la ley penal que por su propia naturaleza restan autoridad al tribunal para conocer sobre el delito imputado. Id. a la pág. 163. En ese sentido, la esencia del concepto jurisdicción sobre la persona, cuando se trata de menores, descansa sobre un precepto de derecho penal sustantivo y no sobre una normativa puramente procesal. Id., a la pág. 172.
Por ejemplo, el Artículo 4 de la Ley de Menores, supra, sec. 2204, dispone que el tribunal tendrá autoridad para conocer de todo caso en que se impute a un menor conducta que constituya una falta incurrida antes de éste haber cumplido dieciocho (18) anos de edad. La propia ley establece que dicha autoridad estará sujeta al período prescriptivo dispuesto en las leyes penales para la conducta imputada. Por otro lado, el tribunal tendrá autoridad para conocer de cualquier asunto relacionado con menores, según dispuesto mediante ley especial al respecto.
La autoridad que tiene la Sala de Menores, trata de un problema de exclusividad en la jurisdicción y no de mera competencia. Resumil, supra, a la pág. 172.
El concepto de jurisdicción en el ordenamiento jurídico de menores alude a la facultad de la Sala de Asuntos de Menores para entender en procesos contra éstos. El concepto de autoridad también utilizado en la ley, por otro lado, se refiere a la supervisión, detención o custodia del menor que asume el Estado bajo el poder de parens patriae. Aunque ambos términos están íntimamente relacionados, éstos no son análogos, la jurisdicción determina quién debe ser encausado dentro del sistema de justicia juvenil y la autoridad define el tipo y la duración de la medida interpuesta, una vez se determine que éste se encuentra incurso en falta. Pueblo en interés del menor A.A.O., 138 D.P.R. 160 (1995).
La ley y las reglas de asuntos de menores crean un procedimiento que se compone de las siguientes etapas: la investigación, la aprehensión, la determinación de causa probable para presentar una querella, mociones anteriores a la vista adjudicativa, la vista adjudicativa, y por último, la vista dispositiva.
La etapa de la investigación comprende desde el momento que se conoce la comisión de unos hechos delictivos hasta la centralización de la investigación sobre un menor sospechoso. La aprehensión, por su parte, es la etapa que comienza con la presentación de una queja y la determinación de causa probable para expedir una orden de aprehensión o citación contra un menor para que responda por la comisión de una falta, o con la aprehensión de un menor mientras comete un delito o en las circunstancias excepcionales que la ley autoriza aprehenderlo sin orden previa. Dora Nevares-Muniz, supra, a la pág. 16. La Ley de Menores, supra, sec. 2222, dispone que luego de la aprehensión del menor, corresponderá al juez determinar si el menor va a permanecer bajo la custodia de sus padres o encargados hasta la vista de determinación de causa probable para la radicación de la querella, o si ordena su detención provisional.
En la vista de determinación de causa probable para expedir querella, el tribunal evaluará la prueba presentada por el Procurador de Menores con el fin de determinar si existe causa probable para creer que se ha cometido una falta y que el menor la cometió. Si se determina causa probable, el Procurador someterá la querella correspondiente. Dora Nevares-Muñiz, supra, a la pág. 16. Esta vista se llevará a cabo, salvo causas excepcionales, dentro de los tres (3) días siguientes a la aprehensión del menor si está detenido provisionalmente. Si el menor quedó bajo la custodia de sus padres, la vista se celebrará dentro de los veinte (20) días siguientes. Ley de Menores, supra, sec. 2222. Las normas sobre juicio rápido existentes en nuestra jurisdicción se aplicarán a este procedimiento. Id.
La vista adjudicativa, por su parte, se define como la vista en los méritos donde se determinará si el menor incurrió en la falta imputada. Esta vista se celebrará dentro de los sesenta (60) días siguientes a la determinación de causa probable si el menor está bajo la custodia de sus padres o persona responsable, o dentro de veinte (20) días si está detenido en un centro de detención, a menos que la demora se deba a solicitud del menor, sus padres o *902 encargados o que exista justa causa para ello. Id.
Por último, se realiza la vista dispositiva, la cual consiste en la imposición de la medida que proceda contra el menor por la comisión de la falta en que resultó incurso. Dora Nevares-Muñiz, supra, a la pág. 17.
V
El Artículo 4 de la Ley de Menores, supra, sec. 2204, también establece en su parte pertinente que la Sala de Menores no tendrá autoridad para conocer de:

"a) Todo caso en que se impute a un menor que hubiere cumplido quince (15) años de edad, la comisión de hechos constitutivos de asesinato en primer grado mediante deliberación y premeditación.

b) Todo caso en que se impute a un menor que hubiese cumplido quince (15) años de edad, hechos constitutivos de delito que surjan de la misma transacción o evento constitutivo de asesinato en primer grado mediante deliberación y premeditación.

c).

En todos estos casos contemplados en los incisos anteriores, el menor será procesado como adulto.

La Sala de lo Criminal del Tribunal General de Justicia conservará jurisdicción sobre el menor aun cuando haga alegación de culpabilidad o medie convicción por un delito distinto al asesinato. Igualmente, conservará jurisdicción cuando el Tribunal Superior, Sala de Menores, hubiere renunciado a la jurisdicción del menor y en el procedimiento ordinario como adulto al menor se le archivaran los cargos o se le encontrara no culpable." [Enfasis suplido].
Lo. que se desprende de la antes citada regla es una situación, no de renuncia discrecional de jurisdicción, sino de exclusión legislativa, donde la ley taxativamente dispone que los menores de quince (15) años o más que hayan sido acusados de asesinato serán transferidos para juicio al sistema de justicia criminal para adultos. Rodríguez v. Rodríguez v. E.L.A., 130 D.P.R. 562 (1992).
Por su parte, la Regla 2.17 de las Reglas de Menores, supra, Ap. I-A, R. 2.17, establece cuál será el procedimiento en aquellos casos de menores que fueron procesados en la Sala de lo Criminal y que luego fueron referidos a la Sala de Menores. Dicha regla dispone:

"En aquellos casos en que, luego de celebrada una vista de causa para arresto o una vista de causa probable conforme a la Regla 23 de Procedimiento Criminal, Ap. II de este título, se determine que el imputado es menor de edad, el magistrado ordenará la remisión del expediente al Procurador para la presentación de la querella que proceda ante el Tribunal Superior para Asuntos de Menores y procederá a la cancelación de la fianza que se haya prestado.

En aquellos casos en que se haya imputado al menor que hubiere cumplido (14) años de edad el delito de asesinato y el magistrado determine la existencia de causa probable por un delito distinto al asesinato, ordenará la remisión del expediente de éste y cualquier otro delito que surgiere de la misma transacción al Procurador para la presentación de la querella que proceda ante el Tribunal Superior para Asuntos de Menores y procederá a la cancelación de la fianza que se haya prestado.

En estos casos no será necesaria la celebración de las vistas dispuestas en las reglas 2.96 y 2.10 de este apéndice por haberse determinado causa previamente en el procedimiento ordinario como adulto." [Enfasis suplido].
*903 VI
Contra la menor D.M.R. se presentaron varias denuncias el 28 de septiembre de 2000, entre ellas, una por la alegada comisión de un asesinato estatutario. En esa misma fecha se encontró causa probable para su arresto y se le impuso fianza. La misma no se prestó, por lo que la menor fue encarcelada. En la celebración de la vista preliminar (Regla 23 de Procedimiento Criminal, supra, Ap. n, R. 23), se desestimaron los cargos bajo el fundamento de que la Sala de lo Criminal carecía de jurisdicción sobre la menor, (Regla 64 (n) de Procedimiento Criminal, id., R. 64 (n)).
De acuerdo al Artículo 4 de la Ley de Menores, supra, la Sala de lo Criminal sólo tiene jurisdicción sobre menores que hayan cumplido quince (15) años de edad a los que se le impute la comisión de asesinato en primer grado mediante deliberación y premeditación. Sin embargo, en los delitos de asesinato estatutario como el imputado a la menor D.M.R., el Estado no tiene que presentar prueba sobre la premeditación, deliberación, e intención específica de matar. La intención del acusado es la de cometer uno de los once (11) "delitos base", entre ellos el robo, pero se le responsabiliza por el de asesinato si ocurre una muerte, pues se infiere que el autor razonablemente ha previsto o pudo prever que la consecuencia natural o probable de su acción podía desembocar en la muerte de alguna persona. Pueblo v. Robles González, 132 D.P.R. 554, 564 (1993).
El 18 de diciembre de 2000, al encontrarse la Sala de lo Criminal sin jurisdicción por tratarse de la imputación de un asesinato estatutario, pidió la excarcelación de la menor y refirió el caso a la Sala de Menores. El Procurador de Menores, sin embargo, optó por no someter las querellas en dicha Sala. Véase Regla 2.17, supra.
El 10 de enero de 2001, se presentaron nuevas denuncias contra la menor D.M.R ante la Sala de lo Criminal. En esta ocasión se le imputó la comisión de asesinato en primer grado (mediando deliberación y premeditación. Los otros delitos imputados permanecieron inalterados, aunque se añadieron dos denuncias por infracción al Artículo 4 de la Ley de Armas, supra, y el Artículo 12 de la Ley 8, supra. En esa misma fecha, se determinó causa probable para el arresto y se fijó una fianza que no fue prestada. Al próximo día, se expidió el auto de prisión provisional. En la vista preliminar del 8 de febrero de 2001, la defensa solicitó que se refiriera el caso a la Sala de Menores como un asesinato estatutario, tal y como se había determinado originalmente en la Sala de lo Criminal. El Ministerio Público se allanó a esa petición. La Sala de lo Criminal refirió el caso a la Sala de Menores en esa fecha. En la Sala de Menores, Sala de Carolina, se ordenó la excarcelación de la menor el 13 de febrero de 2001 y se ordenó el traslado del caso a la Sala de Menores de Fajardo.
El 16 de febrero de 2001, estando la menor ya excarcelada, se presentaron las quejas ante la Sala de Menores, imputándole a D.M.R., la comisión de asesinato estatutario, robo domiciliario, conspiración, e infracciones a los Artículos 4 y 18 de la Ley de Armas, supra. Al así actuar, se cumplió con la solicitud hecha por la defensa de la menor. Nótese que en la Sala de lo Criminal -28 de septiembre de 2000-, ya se había encontrado causa probable para el arresto de la menor por los delitos de asesinato estatutario, robo domiciliario, conspiración y violación al Artículo 18 de la Ley de Armas, Id. Es por ello que procedía la aplicación de lo dispuesto en la Regla 2.17, supra, la cual establece claramente que si luego de celebrada una vista de causa probable para el arresto en el tribunal ordinario, y éste determinare la minoridad de la persona, se referirá el caso a la Sala de Menores y allí no tendrá que realizar una nueva vista de aprehensión porque ésta ya se efectuó en la Sala de lo Criminal.
Ante esta circunstancia, lo procedente era la celebración de la vista de causa probable para radicar querella. Dado el hecho de que la menor D.M.R. no se encontraba encarcelada, en este caso, dicha vista debía celebrarse dentro de los veinte (20) días posteriores a la presentación de la queja presentada el 16 de febrero de 2001. Del expediente ante nos, se desprende que la vista para determinar causa probable para radicar querella se llevó a cabo el 21 de febrero de 2001, a tan sólo cinco días de radicada la queja ante la Sala de Menores. Dicha vista se llevó a cabo dentro del término (20) días dispuesto en la Ley de Menores, supra, sec. 2222.
Lo anterior refleja que la Sala de Menores erró al decidir que "desde que la Juez Instructora, en la segunda ocasión que se someten los casos al tribunal, determinó que el caso debía verse ante el tribunal de menores hasta *904 la celebración de la vista de determinación de causa, transcurrieron más de los tres días que disponen las Reglas 2.10 a 2.13". El hecho de que se traslade un caso a la Sala de Menores presupone la presentación en dicha Sala de la correspondiente queja o querella que proceda. No es algo automático, por lo que la fecha desde la que se deben computar los procedimientos en la Sala de Menores, es el 16 de febrero de 2001, día en que se presentaron las correspondientes quejas. Por otro lado, tal y como vimos, la menor ya había sido sometida previamente a una vista de causa probable para arresto como adulto por los delitos de asesinato estatutario, conspiración, robo domiciliario y una infracción al Artículo 12 de la Ley de Armas. Por lo tanto, por mandato de la Regla 2.17, supra, el próximo trámite procesal era la vista para determinar causa para radicar querella relacionada a esas faltas imputadas. Esta vista se celebró a tiempo. 
Por razón de lo anteriormente expuesto, procede entender que la Sala de Menores erró al desestimar los cargos contra la menor D.M.R. por la alegada violación a su derecho ajuicio rápido.
VII
Por los fundamentos antes señalados, se expide el auto de certiorari y se revoca la resolución dictada por el Tribunal de Primera Instancia, Sala Superior de Fajardo, Sala para Asuntos de Menores, el 4 de abril de 2001. Se devuelve el caso a ese foro para la continuación de los procedimientos.
Así lo acordó y ordena el Tribunal, y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 2002 DTA 43
1. Artículo 83 del Código Penal de Puerto Rico, 33 L.P.R.A. see. 4002.
2. Artículo 173 del Código Penal de Puerto Rico, id., see. 4279.
3. Artículo 262 del Código Penal de Puerto Rico, id., see. 4523.
4. Aparentemente, el delito imputado en dicha denuncia es el de apropiación ilegal de vehículo de motor, tipificado en el Artículo 18 de la Ley Núm. 8 de 5 de agosto de 1987, 9 L.P.R.A. see. 3217, y no el delito tipificado en el Artículo 18 de la Ley de Armas, Ley Núm. 17 del 19 de enero de 1951, según enmendada, 25 L.PR.A. see. 428.
5. Regla 64. Fundamentos de la moción para desestimar.
(b) Que el tribunal carece de jurisdicción para conocer del delito imputado.
6. Ver nota al calce número 4.
7.25 L.P.R.A. see. 418.
8. Regla 2.9: Procedimiento ante el juez luego de la aprehensión.
9. Regla 2.10: Vista de determinación de causa probable para radicar querella.
10. Ver nota al calce número 4.
11. El 20 de enero de 1995, el Juez Presidente del Tribunal Supremo de Puerto Rico aprobó la Orden Administrativa Núm. VIII mediante la cual se adoptaron una serie de reglas de transición de Procedimiento para Asuntos de Menores. Allí se quiso enmendar la Regla 2.9 (d) de Asuntos de Menores para que la celebración de la vista de causa probable para radicar querella se efectuara dentro de los siete (7) días siguientes a la aprehensión del menor, si éste continuaba detenido o a los treinta (30) días si el tribunal ordenaba que el menor, luego de ser detenido preventivamente, se mantuviera bajo la custodia de sus *905 padres.
Originalmente, esos términos eran de tres (3) días si el menor continuaba bajo la aprehensión luego de ser detenido preventivamente y quince (15) días si era puesto bajo la custodia de sus padres. Luego, la Asamblea Legislativa mediante la Ley Núm. 86 del 12 de septiembre de 1990, enmendó la Regla 2.9 (d) a los fines de extender dichos términos a siete (7) y treinta (30) días, respectivamente. Sin embargo, mediante la Ley Núm. 183 del 12 de agosto de 1995 se acortaron los términos para la celebración de tales vistas a tres (3) y a veinte (20) días según fuera el caso.
Aún así, el 30 de junio de 1999, el Tribunal Supremo emitió una orden que dejó en vigor los términos de siete (7) y treinta (30) días derogados por la Asamblea Legislativa.
Estas reglas no se refirieron a la Asamblea Legislativa para su aprobación antes de su vigencia, según lo ordena el Artículo V, Sección 6 de la Constitución. No obstante, no tenemos que discutir la posible inconstitucionalidad de dicha Orden Administrativa porque la vista de causa probable en este caso no excedió los términos allí dispuestos.
Por último, queremos señalar que los términos dispuestos en la Regla 2.9 (d) de las Reglas para Asuntos de Menores, 34 L.P.R.A. Ap. I-A, R. 2.9 (d), la Ley de Menores, id., see. 2222, para la celebración de la vista de causa probable para radicar querella, son diferentes. En el primer caso se establecen los términos de siete (7) y (30) días dependiendo si el menor está o no detenido y en la Ley de Menores se establecen los términos de (3) y (20) días según sea el caso. En el caso ante nuestra consideración, aplicamos los términos dispuestos en la Ley de Menores, por ser la disposición legal de más reciente aprobación. Pérez Vega v. Tribunal Superior, 93 D.P.R. 749, 755-756 (1966); Del Toro v. Tribl. de Contribuciones, 65 D.P. R. 63, 75.
12. Ver nota al calce número 4.
13. Este caso es distinto a Iglesias v. Secretaria de Corrección y Rehabilitación, 137 D.P.R. 466 (1994). En dicho caso, el peticionario se encontraba detenido preventivamente, según lo ordenado por el tribunal al amparo del Artículo 20 de la Ley de Menores de Puerto Rico, 34 L.P.R.A. see. 2220, el cual permite la detención de menores previo a una vista adjudicativa. Cuatro meses más tarde, la Sala de Menores ordenó el traslado del caso a la Sala de lo Criminal, para que el menor fuera juzgado como adulto. Al no prestar fianza, fue ingresado en prisión. La defensa del menor presentó un recurso de Habeas Corpus, ya que éste había estado detenido preventivamente por más de ocho meses (incluyendo el tiempo detenido como menor y el tiempo que estuvo detenido en el procedimiento como adulto), lo cual va en contra de lo dispuesto en el Artículo II, Sección 11 de la Constitución. El Tribunal Supremo ordenó la excarcelación inmediata del peticionario y devolvió el caso al foro de instancia para que se continuaran los procedimientos. En el caso de autos, en cambio, al momento de realizarse la vista de causa probable para radicar querella, la menor se encontraba excarcelada.