EL PUEBLO DE PUERTO RICO en interés del menor J.A.S.

*Número:* AC-92-527          *Número:* 20 de diciembre de 1993

*Adalberto Ramos Ortega*, abogado del menor apelante; *Carlos Lugo Fiol, Procurador General Interino*, y *Laura Ydrach Vivoni, Procuradora General Auxiliar*, abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR FUSTER BERLINGERI emitió la opinión del Tribunal.

Nos toca delimitar cuales son los pasos precisos a seguir por un tribunal de primera instancia cuando va a determinar causa probable para la presentación de la querella por una falta contra un menor en *ausencia* de éste y sus padres o encargados.

I

El 14 de mayo de 1992 se presentó una querella por la falta de agresión contra el menor J.A.S. En la misma se le imputó que el 28 de abril de 1992 agredió a José M. Carides Rodríguez. El menor fue citado para que compareciera ante la División de Ayuda Juvenil de Aguadilla el 1ro de mayo de 1992. Luego de la correspondiente entrevista ese día, el menor fue citado para que el 14 de mayo compareciera ante el Tribunal Superior, Asuntos de Menores, Sala de Aguadilla, para la celebración de la vista preliminar que

proveen las Reglas de Procedimiento para Asuntos de Menores. Para citar al menor, así como a su abuela, Ana Cordero Vélez, la División de Ayuda Juvenil de Aguadilla utilizó el formulario P.R.R. 61 (Citación Especial de Menor), que firmó el Agente Heriberto Torres.

El 14 de mayo de 1992 el menor no compareció a la vista para determinar causa, por lo que el tribunal procedió, de inmediato, a determinar causa en *ausencia* y fijar fecha para la vista adjudicativa, ordenando citar al menor para esta vista. Luego de varias suspensiones, la vista adjudicativa se señaló para el 19 de agosto de 1992.

El 12 de agosto de 1992 el menor presentó a la consideración del tribunal de instancia una moción al amparo de la Regla 6.2(2)(d) de Procedimiento para Asuntos de Menores, 34 L.P.R.A. Ap. I-A mediante la cual solicitó la desestimación de la querella a base de que la determinación de causa no se había hecho conforme a derecho. Se adujo que conforme a las Reglas 2.8 y 2.14 de Procedimiento para Asuntos de Menores, 34 L.P.R.A. Ap. I-A, si un menor no comparece a la vista de determinación de causa, el tribunal debe ordenar su aprehensión y que si, luego de hacer las gestiones razonables para aprehender al menor, no se da con su paradero, y todo ello surge así de la prueba en una vista posterior, entonces y sólo entonces el tribunal puede proceder a hacer la correspondiente determinación de causa en ausencia. Se alegó, además, que éste no había sido el proceder del tribunal de instancia. La moción fue señalada para discusión el 19 de agosto de 1992, fecha en que también se celebró la vista adjudicativa. En ese día, luego de discutirse la misma, el foro de instancia la denegó por entender que no había que hacer las gestiones alegadas y que el menor había sido debidamente citado. Luego de otros incidentes procesales ese día, se celebró la vista adjudicativa y el tribunal encontró al menor incurso en la falta imputada, dejándolo bajo la custodia de su abuela y la supervisión del tribunal por un término de seis meses.

Inconforme con esta determinación, el menor presentó un escrito de apelación ante el Tribunal Superior el 8 de septiembre de 1992. Luego de varios trámites procesales, y de haberse concedido prórrogas tanto al apelante como al Procurador General para presentar sus respectivos alegato e informe, el recurso quedó sometido el 28 de junio de 1993.

## II

El apelante alega, *inter alia*, que la determinación de causa probable en su contra, estando él asi como sus padres ausentes, no fue conforme a derecho. Aduce que el tribunal no siguió de forma apropiada el procedimiento aplicable a situaciones como la de marras, según lo dispuesto en las Reglas 2.8 y 2.14 de Procedimiento para Asuntos de Menores, *supra*. Tiene razón.

Un examen del claro lenguaje de las Reglas de Procedimiento para Asuntos de Menores pertinentes revela que cuando se presenta una queja que vincula a un menor con la comisión de una falta, los funcionarios judiciales autorizados o del orden público tienen *dos opciones* para tramitar la comparecencia del menor a la vista de determinación de causa probable para la presentación de una querella. El juez o funcionario del orden público puede *expedir una orden de aprehensión* con propósitos investigativos en contra del menor. Reglas 2.1–2.7 de Procedimiento para Asuntos de Menores, 34 L.P.R.A. Ap. I-A. Como alternativa, el juez o funcionario del orden público puede *expedir una citación* si existen motivos para creer que con sólo citársele el menor habrá de comparecer a la vista de determinación de causa probable. Regla 2.8 de Procedimiento para Asuntos de Menores, 34 L.P.R.A. Ap. I-A.

Una vez se escoge la alternativa de la *citación*, si el menor no comparece a la vista, el tribunal debe entonces ordenar la detención provisional del menor. Regla

2.8(c) de Procedimiento para Asuntos de Menores, 34 L.P.R.A. Ap. I-A. Si luego de hacerse las gestiones razonablemente necesarias para efectuar esta detención, aun así no se logra obtener que el menor comparezca, entonces el tribunal puede determinar causa probable *en ausencia*, una vez *verifique* que se hicieron, sin éxito, gestiones razonables para lograr la comparecencia del menor. Regla 2.14

Este elaborado procedimiento para que pueda hacerse una determinación de causa probable en ausencia en casos de menores responde a la clara intención que tuvo el legislador, cuando se aprobaron las Reglas de Procedimiento para Asuntos de Menores, *de extender a éstos los derechos y las salvaguardas procesales fundamentales que se le han reconocido a los adultos o que los adultos disfrutan por mandato constitucional*. Véase Informe de la Comisión de lo Jurídico del Senado sobre el P. del S. 1269 de 1 de mayo de 1987. Nuestro ordenamiento jurídico tiene amplias garantías procesales que rigen en situaciones de *ausencia* de un acusado adulto a alguna etapa del procedimiento criminal (*Torres Rosario v. Alcaide*, 133 D.P.R. 707 (1993)), y en casos como el de marras el legislador ha querido extender al menor garantías comparables (*Pueblo en interés menor F.R.F.*, 133 D.P.R. 172 (1993). Ello es comprensible sobre todo en vista de la especial importancia que tiene la vista para determinar causa para querella en casos de menores, en la cual el juez ante quien se celebra la vista tiene el deber de advertirle al menor "sobre su derecho a no incriminarse, a permanecer en silencio con relación a los hechos imputados, a comunicarse con un abogado y ... sobre los derechos constitucionales que le cobijan". Regla 2.10(b) de Procedimiento para Asuntos de Menores, 34 L.P.R.A. Ap. I-A.

El Ministerio Público en su informe en este caso *acepta que el apelante tiene razón* y se allana a que resolvamos conforme sea procedente en derecho. Correctamente señala el Procurador General que en este caso, ante la incompa-

recencia del menor y sus padres a la vista preliminar, el tribunal de instancia *no expidió una orden de detención provisional*, según lo requiere el inciso (c) de la citada Regla 2.8.([1]) Tampoco cumplió el foro a quo con lo establecido en la mencionada Regla 2.14,([2]) que autoriza la determinación de causa probable en ausencia sólo luego de que se presente ante el tribunal *prueba* de que se hicieron, sin éxito, gestiones razonables para lograr la comparecencia del menor y de sus padres o encargados.

■    Frente al claro tenor de las reglas aludidas, y habiéndose allanado el Ministerio Público al planteamiento del apelante, es menester resolver que la determinación de causa probable fue contraria a derecho. Tratándose de garantías procesales, que aunque estatutarias tienen tangencia con el debido proceso de ley (*Pueblo en interés menor F.R.F.*, supra; *Pueblo v. Méndez Pérez*, 120 D.P.R. 137, 145 (1987); *Pueblo ex rel. J.L.D.R.*, 114 D.P.R. 497 (1983)), debemos dejar sin efecto la determinación de causa en ausencia del Tribunal Superior de 14 de mayo de 1992 y, en consecuencia, su dictamen posterior que se apoya en esa

---

([1]) La Regla 2.8(c) de Procedimiento para Asuntos de Menores, 34 L.P.R.A. Ap. I-A, sobre *Citación; forma y requisitos*, en su parte pertinente, dispone:

"(c)La citación se expedirá por escrito y con la firma del funcionario público o del juez, según sea el caso. El menor y sus padres o encargados deberán firmar la citación. La misma requerirá que el menor comparezca ante el tribunal acompañado de sus padres o encargados con expresión del día, hora y sitio, e informará al menor que, *de no comparecer, se expedirá una orden de detención provisional y que, de no poder ser localizado, se podrá determinar causa probable en ausencia* y que el tribunal en los casos apropiados podrá renunciar en su ausencia a la jurisdicción. Además explicará al menor, sus padres o encargados del deber de mantener al tribunal informado de cualquier cambio en dirección residencial o postal. Los defectos de forma de una orden de aprehensión o citación no afectarán su validez." (Énfasis suplido.)

([2]) *"Regla 2.14. Determinación de causa probable en ausencia .*

"Cuando se presente ante el juez *prueba de que se hicieron gestiones razonables para lograr la comparecencia del menor* y de sus padres o encargados a la vista de determinación de causa probable y que ello no fue posible, el juez, oída la prueba, podrá determinar causa probable en ausencia y procederá a expedir una orden de detención. En tal caso, el juez consignará en los autos los fundamentos que existen para determinar causa probable en ausencia." (Énfasis suplido.)

determinación de causa. En vista de lo que resolvemos, no es necesario entrar a examinar el otro señalamiento de error del apelante.[3]

Por los fundamentos expuestos, *se dictará sentencia revocando las resoluciones del Tribunal Superior de 14 de mayo y 19 de agosto de 1992, y desestimando la querella contra el menor.*

---

[3] *Señalamientos de Error:*
"2.   Erró el Honorable Tribunal al declarar Sin Lugar la Moción Para Desestimar presentada en Corte y determinar como cuestión de Derecho que la citación expedida por el Agente Heriberto Torres, era una efectiva en Derecho." Alegato del apelante, pág. 4.