# 2009 DTA 139

**TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE MAYAGUEZ
PANEL IX**

EL PUEBLO DE PUERTO RICO
Peticionario

v.

EN INTERES DEL MENOR G.R.J.
Recurrido

Núm. KLCE-2009-00866

San Juan, Puerto Rico, a 24 de septiembre de 2009

Panel integrado por su Presidente, el Juez Rivera Martínez, y las Juezas Jiménez Velázquez y Gómez Córdova

Rivera Martínez, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Comparece el Pueblo de Puerto Rico, por conducto de la Oficina de la Procuradora General (en adelante Procuradora General), para solicitarnos que revisemos una orden emitida por el Tribunal de Primera Instancia, Sala de Mayagüez (en adelante TPI) el 27 de mayo de 2009 y notificada el 19 de junio de 2009. En la misma, el TPI le ordenó al Departamento de Justicia que identificara una agencia receptora que pudiera proveerle servicios a la menor G.R.J. (en adelante menor) y, de esta forma, se le pudiera referir a un programa de desvío.

Luego de evaluar ponderadamente el recurso, la transcripción de los testimonios presentados ante el TPI y el derecho aplicable, resolvemos expedir el auto solicitado y confirmar la orden recurrida.

# I

Por hechos alegadamente ocurridos el 4 de noviembre de 2008, se presentaron dos querellas contra la menor por violaciones a los Artículos 207 y 208 del Código Penal de Puerto Rico, 33 L.P.R.A. secs. 4835-4836, tipificados como daño y daño agravado, respectivamente. Según las querellas, la menor brincó sobre el bonete, baúl y el "spoiler" del vehículo de motor Marca Nissan, Modelo 350Z de 2006, propiedad del señor Esteban Rivera Beltrán. Tales acciones ocasionaron unos daños estimados por la cantidad de dos mil diecinueve dólares ($2,019.00). Además, se le imputó que brincó sobre el vehículo de motor Marca Toyota, Modelo RAV4 de 2002, propiedad de la señora Norma I. Beltrán Soto y que ocasionó unos daños estimados en trescientos cincuenta dólares ($350.00).

El 2 de marzo de 2009, el TPI celebró una vista en la que encontró causa probable contra la menor por las faltas imputadas. Posteriormente, ésta presentó ante el TPI una moción en la que solicitó una evaluación para dilucidar si cualificaba para un programa de desvío, según lo dispuesto por la Regla 5.1 de las Reglas de Procedimiento para Asuntos de Menores, Ley Núm. 33 de 19 de junio de 1987, según enmendada, 34 L.P.R.A. Ap. I-A, R. 5.1. En dicho escrito, alegó que era una primera ofensora y que cumplía con el primer requisito que dispone el Artículo 21 de la Ley de Menores de Puerto Rico, Ley Núm. 88 de 9 de julio de 1986, según enmendada, 34 L.P.R.A. sec. 2221, ya que las faltas imputadas eran de Clase I.

Ante ello, el TPI emitió una orden para que la Oficina de los Procuradores de Menores (en adelante Procuradora de Menores) realizara la evaluación correspondiente. En cumplimiento con lo ordenado, el 14 de abril de 2009, la Procuradora de Menores presentó una moción en la que se opuso al desvío solicitado por la menor.

Así las cosas, el 15 de abril de 2009, el TPI celebró una vista. De la minuta emitida por dicho foro surge lo siguiente:

"El licenciado Arroyo indica que solicitó que la menor fuera referida al Programa de Desvío y no fue hasta la tarde de ayer que le llegó una Moción Informativa en donde se indica que la menor no cualificó para el Desvío.

El Licenciado indica que dialogó por teléfono con la señora Mercado y entiende que la razón que ésta le ofreció para la denegación del Desvío no es válida, por lo que solicita que la TS Lizette Mercado, Coordinadora del Programa de Desvío, explique las razones que tuvo para denegarle a la menor el Desvío.

La procuradora indica que la TS Lizzette Mercado es quien hace la evaluación social del Desvío, pero hay unos criterios o factores que los Procuradores utilizan para aprobar o desaprobar el mismo." [1]

Evaluados los planteamiento de ambas partes, el TPI emitió una orden concediéndole al Departamento de Justicia un término de cinco (5) días para que le informara cuáles fueron los criterios utilizados en este caso para denegarle el desvío a la menor.

Luego de varios trámites procesales, el 21 de abril de 2009, la Procuradora de Menores presentó ante el TPI un escrito en el que impugnó la validez de la celebración de una vista pautada para el 29 de abril de 2009. En dicha vista, la señora Lizzette Mercado Rodríguez (en adelante señora Mercado) declararía sobre los criterios sociales que se tomaron en consideración para evaluar a la menor en este caso. [2] Según su alegación, dicho testimonio era improcedente, ya que la Procuradora de Menores era quien tenía la **discreción** para suscribir un contrato de desvío con la menor y la agencia pertinente. Por tal razón, alegó que no procedía que el TPI celebrara una vista con el propósito de examinar los criterios utilizados para denegarle el desvío a la menor.

Oportunamente, la menor replicó la moción que presentó la Procuradora de Menores. Posteriormente, el 27 de mayo de 2009 se celebró una vista ante el TPI para discutir los planteamientos de ambas partes. Durante la vista,

el TPI evaluó el testimonio de la señora Mercado, quien declaró sobre los criterios sociales que utilizó para evaluar a la menor. Surge de la minuta que:

"El Tribunal, habiendo escuchado a la Trabajadora Social y considerado minuciosamente las mociones presentadas en la situación que está ante su consideración, toma la siguiente determinación: El propósito primordial del Programa de Desvío es apartar a la menor del procedimiento formal del Tribunal hacia un sistema distinto, dirigido a que éste se rehabilite. Este Tribunal reconoce que es el Departamento de Justicia quien administra el Programa de Desvío y que los criterios a considerarse son unos en derecho y otros en aspectos sociales. Se advirtió desde inicios, que no se entró a considerar en esta tarde los criterios en derecho, ya que fueron los que se solicitaron mediante moción y este Tribunal es uno en derecho que puede tomar conocimiento, a través de las mociones. **De otra parte, el hecho de que la víctima no esté de acuerdo, no puede ser determinante en cuanto a la aprobación o denegación de un desvío, siendo la rehabilitación el fin primordial del Contrato de Desvío. De otra parte, el hecho de que la menor no pueda sufragar los gastos de los daños causados, tampoco puede ser un factor determinante, ya que ese no es un hecho que el Tribunal considera al momento de imponer una medida dispositiva cuando un menor hace alegación de Incurso o cuando se le encuentra Incurso. Hasta este momento, ni en las mociones, ni en el testimonio vertido por la Trabajadora Social, se le ha presentado a este Tribunal un argumento en estricto derecho que impida que esta menor se pueda beneficiar de un Contrato de Desvío."** (Citas omitidas y énfasis suplido) **[3]**

Ante tales circunstancias, el TPI le ordenó al Departamento de Justicia que identificara "una agencia receptora que pueda proveerle servicios a esta menor de acuerdo a las necesidades identificadas en ella." **[4]** Inconforme con este dictamen, el 23 de junio de 2009, la Procuradora General presentó ante este Tribunal un recurso de *certiorari* y una moción en auxilio de jurisdicción. En dicho recurso señaló la comisión de los siguientes errores:

"Primer Error: Cometió error de derecho el Honorable Tribunal de Primera Instancia, Asuntos de Menores, al celebrar una vista, la cual denominó "Vista para Discutir Moción sobre Determinación de Contrato de Desvío", procedimiento que no está autorizado y no es cónsono con el texto claro de [la] Ley de Menores y su Reglamento Habilitador, usurpando la facultad exclusiva de la Asamblea Legislativa de enmendar las leyes.

Segundo Error: Cometió error de derecho el Honorable Tribunal de Primera Instancia, Asuntos de Menores, al arrogarse facultades que, conforme a las disposiciones claras del Artículo 21 de la Ley de menores, han sido delegadas exclusivamente al Procurador de Asuntos de Menores incidiendo, además, en el principio de separación de poderes, al impedir que dicho funcionario ejerza su deber ministerial de determinar cuándo procesar unas faltas imputadas a una menor.

Tercer Error: En la alternativa, abusó de su discreción el Tribunal de Primera Instancia, Asuntos de Menores, en la apreciación de la prueba y el Derecho aplicable, al determinar que bajo las circunstancias presentes en este caso, la joven G.R.J. es elegible a un Programa de Desvío cuando: 1) la joven no ha asumido responsabilidad por sus actos; 2) los informes técnico social coinciden en que existe una falta de controles en la supervisión de la joven por su madre; 3) la madre presenció los actos delictivos cometidos por la joven; 4) no ha habido restitución a las víctimas; 5) no se pasó prueba de que la joven tenga la capacidad de restituir el daño causado; y 6) no se tomó en consideración el sentir de las víctimas, toda vez que el Tribunal de Primera Instancia no escuchó su testimonio."

Así las cosas, el 24 de junio de 2009 emitimos una resolución en la que ordenamos la paralización de los procedimientos judiciales ante el TPI. Además, le concedimos diez (10) días a la menor para que se expresara respecto a lo solicitado. En cumplimiento con lo ordenado, la menor presentó su oposición.

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

## II

En reiteradas ocasiones, nuestro Tribunal Supremo ha expresado que los procedimientos de menores son de carácter civil *sui generis* y los mismos no se consideran de naturaleza criminal. *Pueblo en interés menor G.R.S.*, 149 D.P.R. 1, 10 (1999); *Pueblo v. Ríos Dávila,* 143 D.P.R. 687, 699 (1997). No obstante, estos procedimientos han adquirido matices de naturaleza punitiva que van más allá del propósito meramente rehabilitador y paternalista. *Id.; Pueblo en interés menores A.L.R.G. y F.R.G.,* 132 D.P.R. 990 (1993); *Pueblo en interés del menor, R.G.G.,* 123 D.P.R. 443, 446 (1989); *Pueblo ex rel. J.L.D.R.*, 114 D.P.R. 497, 502 (1983). De hecho, con la creación de la figura del Procurador de Menores, la Ley de Menores, *supra,* puso fin a la institución del juez-fiscal que participaba en los procedimientos bajo la legislación anterior en los que desempeñaba funciones incompatibles. Ello le ha impartido al procedimiento de menores un elemento de carácter adversativo que requiere, a su vez, unas formalidades adicionales y el reconocimiento al menor de más derechos. *Pueblo en interés del menor R. G. G., supra,* a la pág. 460. Se trata, pues, de un procedimiento especial donde los delitos se denominan falta, el juicio se denomina vista adjudicativa y la sentencia, medida dispositiva. *Pueblo en interés J. M.R.,* 147 D.P.R. 65, 72 (1998).

La Ley de Menores, *supra,* refleja un enfoque penal ecléctico en el cual se intenta armonizar la función de *parens patriae* del Estado de velar por la rehabilitación del menor ofensor, a la misma vez que le exige a éstos responsabilidad por sus actos. Ello, sin minimizar la responsabilidad del Estado de velar por la seguridad de la sociedad en general. *Pueblo v. Suárez,* 167 D.P.R. 850 (2006). Asimismo, las disposiciones contenidas en el citado estatuto deben interpretarse con el fin de proveer para el cuidado, protección, desarrollo, habilitación y rehabilitación de los menores, así como proteger el bienestar de la comunidad en general. Además, dicha ley persigue proteger el interés público, tratando a los menores como personas necesitadas de supervisión, cuidado y tratamiento, a la vez que les exige responsabilidad por sus actos. Finalmente, la ley estipula que se les garantice a los menores un trato justo y en reconocimiento de sus derechos constitucionales. Véase: Artículo 2 de la Ley de Menores, 32 L.P.R.A. sec. 2202.

A la luz de estos propósitos, la Ley de Menores, *supra,* provee un mecanismo de desvío mediante el cual se suspende el procedimiento judicial en interés del menor y, en su lugar, se le refiere a una agencia, institución u organismo público o privado para que reciba aquellos servicios de tratamiento o rehabilitación que el tribunal estime necesarios. Esto se efectúa luego de que el tribunal emita una resolución autorizando el referido. Véase: Artículo 3 de la Ley de Menores, 34 L.P.R.A. sec. 2203(g); *Díaz Morales v. Depto. de Justicia,* 174 D.P.R. ___ (2008), **2008 J.T.S. 194**. El propósito principal del desvío es identificar oportunamente al menor que puede ser atendido mediante programas breves de consejería, rehabilitación y servicios, sin que sea necesario someterlo al procedimiento judicial. Dicho programa agiliza el calendario de las salas de menores y economiza al menor y al Estado los costos de continuar con el proceso. Véase: D. Nevares-Muñiz, *Derecho de Menores: Delincuente juvenil y menor maltratado*, 5ta ed., Instituto para el Desarrollo del Derecho, Hato Rey, 2005, pág. 81.

Específicamente, el Artículo 21 de la Ley de Menores, *supra,* establece los requisitos que se deben cumplir para que el menor cualifique para un programa de desvío. En el mismo se dispone que:

"Luego de radicada una querella y previa la adjudicación del caso, el Procurador podrá solicitar del tribunal el referimiento del menor a una agencia u organismo público o privado cuando existan las siguientes circunstancias:

(1) Se trate de una falta Clase I o de un primer ofensor en una falta de Clase II.

(2) Se suscriba un acuerdo entre el Procurador, el menor, sus padres o encargados y la agencia u organismo a que se referirá el menor.

(3) Se tome en consideración el informe social del Especialista en Relaciones de Familia.

(4) Medie la autorización del tribunal."

La agencia u organismo a quien se refiera un menor de conformidad con esta sección deberá informar al Procurador y al tribunal si el menor está cumpliendo, ha cumplido o no con las condiciones del acuerdo. En el caso de que el menor haya cumplido con dichas condiciones, el Procurador solicitará al Tribunal el archivo de la querella. En el caso en que el menor no haya cumplido, el Procurador solicitará una vista para la determinación de si se continúa con el procedimiento.

Es importante señalar que, además de la Ley de Menores, los procedimientos judiciales en estos casos se rigen por las Reglas de Procedimiento para Asuntos de Menores, *supra*. *Pueblo de Puerto Rico en interés del menor G.R.S., supra*. En lo referente a la solicitud de desvío, la Regla 5.1 (a) del citado estatuto, dispone que:

"(a) **A petición del querellado o por iniciativa del Procurador, previa evaluación conjunta con el especialista en relaciones de familia, el tribunal podrá autorizar el desvío del menor fuera de los procedimientos judiciales, para que éste reciba servicios de algún organismo público o privado, ello cuando se le impute al menor una falta Clase I o por primera vez una falta Clase II.**

(b) El Procurador radicará la solicitud de desvío con razonable antelación al inicio de la vista adjudicativa, a menos que exista justa causa." (Énfasis suplido)

Por otro lado, en *Díaz Morales v. Depto. de Justicia, supra,* el Tribunal Supremo determinó que, ante el archivo definitivo de la querella por una falta al Artículo 404 de la Ley de Sustancias Controladas, no procedía la confiscación del vehículo de motor que había sido incautado por el Estado a un menor de edad. Nuestro más Alto Foro concluyó que el menor no podía considerarse como un "convicto por la comisión de un acto criminal," por el hecho de haber cumplido con las condiciones impuestas por el Programa de Desvío. *Id.* En lo pertinente al procedimiento de desvío, el Tribunal Supremo señaló lo siguiente:

"[L]uego de tomarse en consideración el informe social preparado por el Especialista en Relaciones de Familia a cargo del caso, el tribunal puede ordenar que se suscriba un acuerdo entre el menor, sus padres o encargados, la agencia o entidad privada designada para proveer los servicios correspondientes, y el Procurador de Menores. En dicho convenio se fijan los objetivos específicos de tratamiento y rehabilitación, así como las condiciones que debe cumplir el menor bajo el Programa de Desvío. Todos los documentos sobre el desvío pasan a formar parte del expediente confidencial del menor. Si al concluir el término de duración del desvío el menor ha cumplido con el acuerdo antes mencionado, el Procurador solicitará el archivo definitivo de la querella instada en su contra. De lo contrario, solicitará la reactivación del procedimiento judicial." Véanse 34 L. P.R.A. sec. 2221; Reglas 5.1 a 5.3 de Procedimiento para Asuntos de Menores, 34 L.P.R.A. Ap. I-A.

A su vez, de acuerdo con la naturaleza *sui géneris* de los procedimientos de menores, las órdenes o resoluciones del juez a cargo de este tipo de programas de desvío *no pueden considerarse como de índole criminal. Tampoco puede derivarse de éstas la conclusión de que el menor ha sido "convicto" en el sentido usual de la palabra.* De hecho, así ocurre en todos los procesos en contra de menores, en donde los delitos son denominados como faltas, el juicio se denomina vista adjudicativa y la sentencia, medida dispositiva. (...)". (Citas omitidas y énfasis suplido)

De otra parte, la intención del legislador al promulgar las Reglas de Procedimiento para Asuntos de Menores, *supra,* fue extenderle a los menores los derechos y salvaguardas procesales fundamentales que han sido reconocidas en los procedimientos criminales contra adultos o que los adultos disfrutan por mandato constitucional. *Pueblo de Puerto Rico en interés del menor G.R.S, supra; Pueblo en interés del menor J.A.S.,* 134 D.P.R. 991, 995 (1993). De igual forma, el Tribunal Supremo ha sostenido que "de una lectura de la totalidad de las Reglas de Procedimiento para Asuntos de Menores se desprende que dichas reglas siguen fundamentalmente

las disposiciones de las Reglas de Procedimiento Criminal que regulan, en esta jurisdicción, los procedimientos criminales contra los adultos". *Pueblo de Puerto Rico en interés del menor G.R.S, supra,* a la pág. 14, citando a *Pueblo en interés menor R.G.G., supra,* a la pág. 459.

A modo de comparación, en nuestro sistema penal se ha reconocido que los mecanismos de desvío existentes en nuestro ordenamiento tienen el propósito de implementar la política pública de rehabilitación que establece la Constitución de Puerto Rico. *Pueblo v. Jorge Torres Serrano,* 175 D.P.R. __ (2009), **2009 J.T.S. 23**, citando a Const. ELA, Artículo VI, sec. 19. Dichos procedimientos están atados a una serie de criterios y condiciones estatutarias que delimitan la discreción del juez de instancia para determinar si conduce el proceso penal contra una persona por alguna vía alterna a la encarcelación. *Id.; Ford Motor Credit Co., Jiménez Otero v. E.L.A.,* 174 D.P.R. ___ (2008), **2008 J.T.S. 157**.

Las circunstancias particulares de los hechos ante nuestra consideración hacen necesario que analicemos y comparemos el programa de desvío de menores con el desvío que provee la Regla 247.1 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 247.1. A diferencia del procedimiento de menores, la Regla 247.1, *supra,* requiere que la persona acusada por un delito haga una alegación de culpabilidad, a instancias del Estado, para que el tribunal acceda a someterlo a un programa de tratamiento y rehabilitación, sin emitir pronunciamiento alguno sobre su culpabilidad. *Pueblo v. Torres Serrano, supra.* De esta manera, se suspende todo el proceso judicial y la persona acusada deberá cumplir con todos los términos y condiciones que le imponga el tribunal. Si la persona completa el programa, el caso se archiva sin ulterior consideración con impedimento del inicio de un nuevo proceso. *Id.*

Recientemente, en *Pueblo v. Torres Serrano, supra,* el Tribunal Supremo analizó los mecanismos de desvío que establece la Regla 247.1, *supra,* y el Artículo 404(b) de la Ley de Sustancias Controladas. Los hechos de este caso se originaron cuando el acusado solicitó un referido al Programa de Salones Especializados en Casos de Sustancias Controladas, mejor conocido como "Drug Court", según lo dispone el Artículo 404(b), *supra.* El Ministerio Público se opuso a dicha solicitud. No obstante, el Tribunal de Primera Instancia declaró con lugar la solicitud del acusado y ordenó la evaluación de rigor. Inconforme con tal proceder, el Ministerio Público presentó su oposición por escrito. Adujo que el acusado no cualificaba para el beneficio de libertad a prueba del Artículo 404(b), *supra,* así como el desvío que autoriza la Regla 247.1 de las de Procedimiento Criminal, *supra.* Ante ello, el Tribunal de Primera Instancia denegó la solicitud de desvío que presentó el acusado.

Luego de examinar las citadas disposiciones de ley, el Tribunal Supremo confirmó el dictamen emitido por el Tribunal de Instancia. En el citado caso, nuestro más Alto Foro analizó las consecuencias legales del referido inicial que realiza el Ministerio Público para que un acusado pueda beneficiarse de un programa de desvío, según lo dispuesto por la Regla 247.1, *supra,* y comparó dicho requisito con el mecanismo de desvío que establece la Regla 404(b), *supra.* En lo pertinente al consentimiento del Ministerio Público para referir a un acusado a un programa de desvío, el Tribunal Supremo expresó lo siguiente:

"[E]l procedimiento de desvío de la Regla 247.1 de Procedimiento Criminal depende, por lo general, de un referido inicial del Ministerio Público. Esto es el resultado del propio texto de la regla, que requiere la anuencia del Secretario de Justicia o del Fiscal antes de iniciar un proceso bajo su amparo. Claro está, aun de contarse con dicha aceptación, el tribunal de instancia tiene discreción para rechazar la alegación de culpabilidad que dio base a la solicitud de desvío. **Del mismo modo, toda oposición del Ministerio Público debe estar plenamente fundamentada, pues en esta zona no puede recurrirse a criterios arbitrarios o irrazonables. Después de todo, no podemos olvidar que la determinación de si se debe aceptar una alegación de culpabilidad o si una persona acusada es elegible para participar en un programa de desvío, es eminentemente judicial."** Cf. *Pueblo v. Santiago Agricourt,* 147 D.P.R. 179, 198-199 (1998); *Pueblo v. Figueroa García,* 129 D.P.R. 798, 810 (1992).

La exigencia del consentimiento previo del Ministerio Público a una petición de desvío tramitada bajo la regla antes citada no está presente en disposiciones análogas como, por ejemplo, la que establece el mecanismo de desvío del Art. 404(b) de la Ley de Sustancias Controladas, *supra*. Véase, además, 33 L.P.R.A. sec. 4679. **Ahora bien, como señalamos anteriormente, la anuencia del Fiscal es un elemento importante en la evaluación de una solicitud de desvío al amparo de la Regla 247.1 antes citada.** En vista de ello, debemos examinar primeramente si el mismo está presente en el caso de autos (...).

En su resolución denegatoria de la solicitud de desvío instada por Torres Serrano, el foro de instancia consignó que en ningún momento éste presentó una alegación de culpabilidad por el delito imputado en su contra, ni tampoco sometió un convenio firmado por todas las partes, incluido el Fiscal, dirigido a proveerle servicios de rehabilitación y tratamiento por sus problemas de adicción. De un examen de los escritos anexos al presente recurso, podemos constatar que el único documento sobre ese convenio que obra en el expediente no contiene la firma del Fiscal a cargo del caso. Como reseñamos anteriormente, ello es consecuencia de que el Ministerio Público **se opuso de manera fundamentada** a la solicitud aludida por entender que quienes poseen sustancias controladas en un área recreativa no deben ser referidos a un programa de desvío. Ante tales circunstancias, resulta forzoso concluir que Torres Serrano no es elegible para recibir los beneficios del procedimiento de desvío de la Regla 247.1 de Procedimiento Criminal.

En el caso particular del procedimiento de desvío contemplado por dicha regla, el Legislador estimó que el consentimiento del Fiscal es un elemento importante al evaluar si se admite a una persona acusada al trámite de rehabilitación que ésta contempla. Se trata, pues, de un requisito de índole estatutaria dirigido a implementar, de manera razonable, la política pública de rehabilitación plasmada en nuestra Constitución. En cierta medida, el mismo busca darle voz a los intereses de seguridad de nuestra sociedad a través de la figura del Fiscal. Por lo tanto, si el Ministerio Público presenta una oposición fundamentada a una solicitud de desvío bajo la regla aludida, el tribunal de instancia tiene discreción para denegarla. Precisamente, este último fue el curso de acción seguido por el foro recurrido en el caso de autos. *Pueblo v. Torres Serrano, supra.* (Énfasis suplido y citas omitidas)

Finalmente, en reiteradas ocasiones se ha expresado que le corresponde al tribunal sentenciador aquilatar la prueba testifical y dirimir su credibilidad. Por ello, se concederá gran deferencia a las determinaciones de hechos que realiza el Tribunal de Primera Instancia. *Trinidad García v. Chade,* 153 D.P.R. 280 (2001); *Pueblo v. Torres Rivera,* 137 D.P.R. 630, 640 (1994); *Sánchez Rodríguez v. López Jiménez,* 116 D.P.R. 172 (1985). Dichas determinaciones no deben ser descartadas arbitrariamente, ni sustituidas por el criterio del Tribunal apelativo, a menos que se demuestre pasión, prejuicio, parcialidad, error manifiesto, o que la apreciación de la evidencia no se fundamentó en la prueba presentada. Tal deferencia se fundamenta ante el hecho de que el foro recurrido está en mejor posición para evaluar la prueba desfilada, ya que tiene la oportunidad de observar y escuchar a los testigos declarar. *López Vicil v. I.T.T. Intermedia Inc.,* 142 D.P.R. 857, 864-865 (1997).

A tenor con la normativa esbozada, procedemos a examinar la controversia ante nuestra consideración.

### III
Por estar íntimamente relacionados, discutiremos los errores señalados por la Procuradora General de manera conjunta.

En esencia, la Procuradora General alega que erró el TPI al celebrar una vista para discutir los criterios examinados por la Procuradora de Menores para denegar el desvío solicitado por la menor. Además, señala que, conforme al principio de separación de poderes, le corresponde a la Procuradora de Menores la prerrogativa exclusiva de solicitarle formalmente al TPI el referido de la menor a un programa de desvío, así como la decisión de encausar a la menor por las faltas imputadas. En la alternativa, aduce que el TPI abusó de su discreción al determinar que, bajo las circunstancias particulares de este caso, podía referirse a la menor a un programa de

desvío.

Para sustentar sus planteamientos, la Procuradora General arguye que el Departamento de Justicia y la Procuradora de Menores no pueden ser compelidos por el TPI para suscribir un contrato de desvío con la menor y la agencia u organismo correspondiente. Sostiene que la participación del foro judicial sólo se limita a impartir su aprobación a los contratos sometidos por la Procuradora de Menores. Según su contención, el Artículo 21 de la Ley de Menores, *supra,* "no contempla que el Tribunal pase juicio sobre la determinación discrecional del Procurador de Asuntos de Menores de recomendar favorablemente o no un desvío mediante la celebración de una vista". **[5]** No podemos avalar tales planteamientos.

A pesar de que nuestro ordenamiento le concede al Secretario del Departamento de Justicia y a los fiscales la facultad y responsabilidad de investigar los hechos delictivos, así como la decisión de acusar y por cuál delito, en nuestra jurisdicción se ha establecido que la decisión de admitir una alegación de culpabilidad, dictar sentencia en un caso criminal o de conceder o no a un acusado el beneficio de una probatoria especial que le permita su rehabilitación es una determinación eminentemente judicial. *Pueblo v. Santiago Agricourt, supra*; *Pueblo v. Dávila Delgado*, 143 D.P.R. 157 (1997). *Pueblo v. Figueroa García, supra,* a la pág. 810.

En el caso particular del procedimiento de desvío de menores, el Artículo 21 de la Ley de Menores, *supra,* dispone que "[l]uego de radicada una querella y previa la adjudicación del caso, el Procurador **podrá** solicitar del tribunal el referimiento del menor a una agencia u organismo público o privado...". (Énfasis suplido). Por otro lado, la Regla 5.1 de Procedimiento de Asuntos de Menores, *supra*, dispone que **el Tribunal podrá autorizar el desvío a petición del querellado o por iniciativa del procurador**, previa evaluación conjunta del especialista en familia.

De una lectura integral de las citadas disposiciones, debemos colegir que las mismas le otorgan al TPI la discreción para autorizar el desvío de un menor a petición de éste o por iniciativa del Procurador de Menores, luego de que se haya examinado el informe del especialista en familia. A pesar de que el Artículo 21 de la Ley de Menores, *supra,* requiere que se suscriba un acuerdo entre el Procurador de Menores, el menor, sus padres o encargados y la agencia u organismo a que se referirá el menor para que el tribunal autorice el desvío correspondiente, la autorización de dicho contrato queda a la entera discreción del TPI. No debemos pasar por alto que el legislador, al promulgar la Ley de Menores, *supra*, estimó que el consentimiento del Procurador de Menores es un elemento importante al evaluar si se admite al menor a un programa de desvío. Sin embargo, consideramos que la oposición de la Procuradora de Menores para el referimiento de un menor a un programa de desvío no debe estar fundada en criterios arbitrarios, caprichosos o irrazonables. Más aún, cuando le corresponde al foro judicial el deber de interpretar la Ley de Menores en aras de lograr la rehabilitación del menor transgresor, así como la discreción de autorizar o denegar el desvío.

Ante ello, debemos tomar en cuenta que "la discreción, naturalmente, significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción." En el ámbito judicial, el mencionado concepto "no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho". *García v. Asociación,* 165 D.P.R. 311 (2005); *Pueblo v. Ortega Santiago*, 125 D.P.R. 203, 211 (1990); *Pueblo v. Sánchez González*, 90 D.P.R. 197, 200 (1964). La discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Bco. Popular de P.R. v. Mun. de Aguadilla,* 144 D.P.R. 651, 657 (1997); *Pueblo v. Ortega Santiago, supra.*

En este caso, el TPI celebró una vista el 27 de mayo de 2009 para discutir los planteamientos de ambas partes sobre la necesidad del consentimiento de la Procuradora de Menores para suscribir un contrato de desvío. Ello, ante la existencia de una controversia de hecho en torno a la evaluación que realizó la señora Mercado y la recomendación que emitió la Procuradora de Menores sobre el desvío solicitado por la menor. En el escrito de *certiorari*, la Procuradora General sostiene que no procedía la celebración de dicha vista. No le asiste la razón. A

la luz de las circunstancias particulares de este caso, entendemos que el TPI tenía la discreción para celebrar una vista y evaluar los criterios que se utilizaron para denegar la solicitud de desvío. Resolvemos que el TPI no abusó de su discreción al celebrar la vista del 27 de mayo de 2009.

De la minuta de la vista del 27 de mayo de 2009 surge que, luego de evaluar el testimonio de la señora Mercado, el TPI realizó las siguientes determinaciones:

"A preguntas de la Defensa, la señora Mercado informó que evaluó a la menor el 30 de marzo de 2009. Los criterios que se investigan, para hacer una recomendación en cuando (sic) a la petición del Programa de Desvío son: la naturaleza de la falta, la edad de la menor, su historial familiar, historial salud mental o problemas de adicción, historial académico, conducta o comportamiento en la comunidad y conducta escolar. Se le hizo una entrevista inicial con la menor y a su encargada. De dicha entrevista se recoge su historial social, visitas a la escuela y a la comunidad para verificar su funcionamiento, y en el presente caso, los hallazgos encontrados en la escuela son que, en términos de conducta, no tiene problemas, aunque tiene problemas en el área académica. Los maestros reportaban falta de interés o motivación. La menor le verbalizó que su aprovechamiento académico era deficiente, razón por la que fue referida a una evaluación de educación especial, toda vez que la escuela entendía que la joven podía tener algún impedimento que le estaba ocasionando que tuviera un pobre rendimiento en el área académica.

En cuanto al área de conducta, los maestros reportan que la misma es normal. Que la actitud en clases es buena, aunque su trabajo en términos académicos es pobre.

Cuando visitó la comunidad, los vecinos la describieron como buena, tranquila, deportista, participa del equipo de baloncesto del Residencial, no tiene problemas con los vecinos y no se le asocia con amistades negativas. Los hallazgos en la comunidad no reflejan que tuviera problemas.

Discutió el caso con la Trabajadora Social del Tribunal, Sra. Enitza Z. Guenard Otero y ésta le manifestó no tener reparo en que la menor pueda beneficiarse del Programa de Desvío. Una vez realiza la investigación, procede a discutir el caso con la Procuradora a Cargo, quien es la persona quien tiene la potestad para aprobar o denegar el desvío. Compartió con ella los hallazgos y le manifestó que se le podría dar a la menor la oportunidad de beneficiarse del desvío, toda vez que las áreas que ella manifiesta problemas o debilidades, el desvío puede cubrir esa necesidad. En adición, el desvío provee orientación a la madre de la menor y le brinda alternativas y estrategias en cuanto a la supervisión de la misma. Entiende que la joven puede beneficiarse del desvío, ya que tiene mas fortalezas que debilidades en el sentido de que es una persona talentosa en el área de deportes y su tiempo libre lo dirige a esa área.

**Luego de discutir el caso con la Procuradora a cargo, ésta le manifestó que como parte de los criterios a tomarse en consideración para aprobar el Desvío, uno es tomar en cuenta la opinión de la víctima y el otro la restitución de daños. Como la menor no estaba en disposición de restituir los daños y la víctima no estaba de acuerdo, a este caso no se le daría la oportunidad de desvío." [6]** (Énfasis suplido)

Luego de examinar la transcripción de la vista del 27 de mayo de 2009, debemos colegir que dichas determinaciones se encuentran avaladas por la prueba testifical presentada ante el TPI. [7] Durante el examen directo, la señora Mercado declaró lo siguiente:

"Defensa: Le pregunto y sobre ese particular este, luego de discutido el caso, su, su informe fue uno favorable para darle el desvío.

Testigo: Eso es correcto. Mi recomendación.

Defensa: Su recomendación. ¿Sabe usted la razón por las cuales en ese caso se estaba oponiendo a que se diera el desvío?

Testigo: Lo que me informó la procuradora Lebrón es que, como parte de los criterios, uno es tomar en cuenta la opinión de la víctima, para la determinación de si le va a ofrecer el desvío o no y la otra es restitución de daños[.] **[E]lla me indicó que como ellos no estaban este, en disposición de restituir daños y la víctima no estaba de acuerdo, pues este, en este caso no se le iba a dar la oportunidad del desvío**." **[8]** (Énfasis suplido)

Lo anterior indica que la Procuradora de Menores denegó el desvío porque los perjudicados se oponían al mismo y la menor no podía restituirles los daños económicos causados a sus respectivos vehículos. No podemos avalar tales criterios. Dichos criterios implican que se le deniegue el desvío a la menor por razón de su origen social. Además, los mismos le otorgan un poder de veto a los perjudicados en este caso, a pesar de que la menor cumple con los criterios legales y sociales para ingresar a un programa de desvío. De hecho, no existe controversia alguna respecto a que la menor es una primera ofensora y que cumple con el primer requisito que establece el Artículo 21 de la Ley de Menores, *supra*. En este caso, la falta imputada por violación al Artículo 207 del Código Penal, *supra*, es una de Clase I, mientras que la falta imputada por violación al Artículo 208 del Código Penal, *supra*, es una de Clase II, por lo que cualifica para un programa de desvío.

De igual forma, de la prueba testifical y documental se desprende que los técnicos sociales de este caso emitieron una recomendación favorable para que la menor fuera referida a un programa de desvío. Tanto la señora Mercado como la Trabajadora Social del TPI, señora Enitza Z. Guenard Otero recomendaron el desvío solicitado por la menor en este caso. Sin embargo, a pesar de que la menor cumplía con los criterios sociales para el desvío, la Procuradora de Menores denegó la solicitud y el 14 de abril de 2009 presentó ante el TPI un escrito en el que informó lo siguiente:

"En el presente caso, luego del análisis necesario para determinar si la joven cualifica y cumple con los criterios del Desvío, hemos determinado no se cumplen los criterios para recomendar el mismo a este Honorable Tribunal." **[9]**

En dicho escrito, la Procuradora de Menores no expuso criterio alguno por el cual se denegó el desvío a la menor. Posteriormente, el 21 de abril de 2009 la Procuradora de Menores presentó un escrito ante el TPI impugnando la validez de la celebración de una vista para examinar los criterios que se utilizaron para evaluar a la menor y señaló que:

"5. En el presente caso, la Oficina del Procurador deniega la petición del Desvío por que al analizar la forma y manera en que ocurrió la Falta, estando la señora madre de la menor presente, y por falta de arrepentimiento demostrado por la menor al justificar su acción alegando que "otros lo hicieron también." **Lo más importante es que la parte perjudicada se opone a la concesión del Desvío.** En el Informe Social Forense del Tribunal expone que la menor tiene dificultades en el área escolar, al presentar cortes de clases y que no realiza trabajos escolares, también que presenta problemas de reto a la autoridad, que la madre es laxa en su supervisión y que esta no demuestra tener autoridad sobre su hija además de que fueron descritos como personas problemáticas en la comunidad y recomienda que, de la menor resultar [i]ncursa, se beneficie de un medida en Libertad Condicional." (Énfasis suplido) **[10]**

Si bien es cierto que la Ley de Menores le concede a los Procuradores de Menores la facultad para emitir una recomendación final al TPI sobre el referido del menor a un programa de desvío, dicha discreción no debe ser ejercida de forma irrazonable, caprichosa o arbitraria. De igual forma, la oposición del Procurador de Menores al desvío debe presentarse de manera fundamentada. En este caso, no hemos encontrado fundamento alguno en derecho para denegarle el desvío a la menor. Tampoco hemos encontrado evidencia alguna que

demuestre que el TPI abusó de su·discreción al ordenarle al Departamento de Justicia que identificara una agencia receptora que pudiera ofrecerle servicios a la menor de acuerdo a sus necesidades. En ausencia de error manifiesto, prejuicio, parcialidad o pasión, no debemos intervenir con las determinaciones realizadas por el TPI.

Por los fundamentos expuestos, se expide el auto solicitado y se confirma la orden recurrida.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones

### ESCOLIOS 2009 DTA 139

1. Apéndice del recurso de *certiorari*, a la pág. 8.

2. La señora Mercado había sido citada por el TPI para testificar sobre los criterios sociales que utilizó como Trabajadora Social del Programa de Desvío del Departamento de Justicia para evaluar a la menor.

3. Apéndice del recurso de *certiorari*, a las págs. 35-36.

4. Apéndice del recurso de *certiorari*, a la pág. 36.

5. Recurso de *certiorari,* a la pág. 24.

6. Apéndice del recurso de *certiorari,* a la pág. 35.

7. Véase: Transcripción de la vista del 27 de mayo de 2009, a las págs. 6-9.

8. *Id.,* a la pág. 8.

9. Apéndice del recurso de *certiorari*, a la pág. 7.

10. *Id.*, a la pág. 20.